**WILSON, Appellee,**

v.

**KREUSCH et al., Appellants.**

[Cite as *Wilson v. Kreusch* (1996), 111 Ohio App.3d 47.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15236.

Decided May 10, 1996.

*Dennis M. Hanaghan,* for appellee.

*W. McGregor Dixon, Jr.,* for appellants.

GRADY, Judge.

This is an appeal and a cross-appeal in an action involving claims for breach of an employment contract and breach of a covenant not to compete.

Thomas J. Kreusch is a chiropractor who has practiced for many years in Montgomery County. In 1981, Bret Wilson, who is also a chiropractor, became Kreusch's employee. In 1983, they entered into a written employment contract which provided (1) for termination by either upon thirty days' written notice to the other, (2) that Wilson would not compete with Kreusch in a defined area for a defined time after termination, and (3) for Wilson's compensation.

In August 1988, Kreusch terminated Wilson, effective immediately. Shortly thereafter, Wilson opened a chiropractic office within three miles of Kreusch's office, within the time and area prohibited by their agreement.

In April 1989, Wilson filed this action alleging breach of their employment contract by Kreusch, who counterclaimed that Wilson was in breach of the covenant not to compete. The trial court ultimately granted a judgment for Wilson in the amount of $30,841.66 and dismissed Kreusch's counterclaim. On appeal, we reversed and remanded for further proceedings.

On remand, the trial court found that the parties were each entitled to recover on their claims and ordered a net judgment for Kreusch in the amount of $31,201.24. It also imposed certain restrictions on Wilson's practice for six months. After Wilson moved for a new trial, the court corrected an error in computation and reduced Kreusch's net judgment to $21,076.24.

Kreusch filed a timely notice of appeal. Wilson has cross-appealed. Kreusch has moved to strike Wilson's cross-appeal for lack of a timely notice of appeal or cross-appeal. Their assignments of error are set out below.

Kreusch's First Assignment of Error

"The trial court erred in granting plaintiff-appellee additional damages during the hearing after the remand from the first appellate decision."

 The trial court's initial judgment of $30,841.66 for Wilson was based on its finding that Wilson had elected to treat the contract as having been rescinded as a result of Kreusch's breach and that Wilson was entitled to that judgment on a theory of quantum meruit. On appeal, we found that Wilson had tried his claim on a theory of breach of contract, and that he had not given fair notice in his complaint that he was seeking a rescission of the contract. Finding that the contract had not been rescinded, we reversed the judgment of the trial court and remanded for further proceedings.

On remand, the trial court concluded that the amount of damages Wilson was entitled to recover from Kreusch was $39,673.76, an increase of $8,832.10 over the damages previously awarded to Wilson. The additional damages represented the income that Wilson would have otherwise received during the thirty-day notice period, damages which were recoverable by Wilson under a breach of contract theory.

Kreusch contends that the trial court was without authority on remand to reconsider Wilson's claim for damages and erred in awarding Wilson the $8,832.10 as an additional offset against Kreusch's claim. We disagree.

 "Where a judgment is reversed for error, and remanded for further proceedings, the cause may be taken up, by the court below, at the point where the first error was committed, and be proceeded with, as in other cases, to final judgment." *Montgomery Cty. Commrs. v. Carey* (1853), 1 Ohio St. 463, paragraph one of the syllabus; see, also, *Miller v. Miller* (1960), 114 Ohio App. 234, 237–238, 19 O.O.2d 108, 109–110, 181 N.E.2d 282, 284–285. The effect of a reversal and an order of remand is to reinstate the case to the docket of the trial court in precisely the same condition that obtained before the error occurred. See *Richman Bros. Co. v. Amalgamated Clothing Workers of Am.* (1956), 101 Ohio App. 459, 465, 1 O.O.2d 385, 389, 132 N.E.2d 769, 770.

The effect of our reversal was to reinstate the case to the trial court in a posture where no final judgment had been entered on the claim of either party. The trial court was authorized to rule on Wilson's claim for damages, albeit in the context of a claim for breach of contract. At the same time, our decision allowed Kreusch to proceed on his counterclaim free from any defense that the contract containing the covenant not to compete had been rescinded and was therefore not

binding on Wilson. In arriving at its net damage award, the trial court proceeded in a manner consistent with our remand.

Kreusch's first assignment of error is overruled.

### Kreusch's Second Assignment of Error

"The trial court erred in reducing defendants' damages by reason of delay and breach."

■ The trial court found that Kreusch had suffered a loss of gross income of $135,000 as a result of Wilson's breach of their noncompetition agreement. After reducing that amount by thirty percent for reasons not contested by Kreusch, the trial court further reduced Kreusch's damages by twenty-five percent "to reflect the factors of delay in enforcing the covenant and the fact that the defendant itself breached the contract, depriving Dr. Wilson of time to plan his departure and to consider an alternative place to work."

By reducing Kreusch's damages because of his own breach of the contract, the trial court in effect awarded Wilson a double recovery for that breach. The amount of damage caused by Kreusch's breach was determined in Wilson's claim against Kreusch. The issue that was to be determined on Kreusch's counterclaim was the amount of damages he had suffered as a result of Wilson's breach. That amount is independent of any damage caused by Kreusch's own breach of the contract.

■ The trial court stated in its findings of fact that "[d]efendant made his economic loss worse by not commencing the injunction litigation nearer to the time that the competition began. By doing so, plaintiff would have been alerted to the possibility that the covenant was not void before he made a significant investment in the prohibited area." It appears that the trial court based this aspect of its reduction of Kreusch's damages on a theory that Kreusch failed to mitigate his damages.

"It is a cardinal rule of contracts that an injured party is under a duty to mitigate its damages and may not recover those damages which it could have reasonably avoided. The duty to mitigate is limited as follows:

" 'The rule requiring one injured by a wrongful act or omission of another to minimize the damages resulting does not require a party to make extraordinary efforts, or to do what is unreasonable or impracticable. Ordinary and reasonable care, diligence and prudence are the measure of the duty. 16 Ohio Jurisprudence 2d 37, Damages, Section 18. The efforts of the injured party to prevent or lessen his damages include a reasonable expenditure of money as part of his damages. 16 Ohio Jurisprudence 2d 38, Damages, Section 19.' *Foust v. Valleybrook Realty Co.* (1981), 4 Ohio App.3d 164, 168, 4 OBR 264, 268, 446 N.E.2d 1122, 1127." *S &*

*D Mechanical Contrs., Inc. v. Enting Water Conditioning Sys., Inc.* (1991), 71 Ohio App.3d 228, 238, 593 N.E.2d 354, 361.

Kreusch's failure to immediately seek injunctive relief is not a basis to reduce his damage award under a mitigation-of-damages theory. The doctrine does not require a party to undertake extraordinary expense, such as would be involved in seeking injunctive relief. Moreover, for the doctrine to apply, not only must the required expenditure for mitigation be small, the loss saved by that expenditure must be certain and great in comparison. See 11 Williston on Contracts (3 Ed. 1968) 277–78, Section 1353; 22 American Jurisprudence 2d (1988) 596, Damages, Section 514. Kreusch's ability to realize immediate injunctive relief was hardly certain, as demonstrated not only by Wilson's vigorous defense against the claim but also by the fact that the trial court failed to order such relief when it was initially presented with the claim.

We are also concerned that the approach taken by the trial court would have the effect of encouraging litigation. Under the trial court's ruling, a prudent person should immediately pursue legal action to enforce perceived contractual rights to avoid the possibility that the failure to do so would result in a reduction of his monetary damages. Such an approach would decrease the likelihood that a dispute between parties to a contract would be resolved without resort to litigation.

Kreusch's second assignment of error is sustained.

### Kreusch's Third Assignment of Error

"The trial court erred in limiting and reducing defendants' contractual covenant not to compete by time and geography."

Although it granted Kreusch's request for an injunction, the trial court limited the scope of its order not to compete. The trial court enjoined Wilson as follows:

"2. [Wilson] is enjoined from providing at any location any chiropractic treatment or therapy, directly or by associates in his office or connected with his office, for a period of six months, for any person who currently resides in the area circumscribed by a five mile radius of the office of [Kreusch]. This applies to new patients only, and those not yet scheduled for an appointment, and to any other patients (in the proscribed area) who are not currently under active care. * * *

"3. [Wilson] is enjoined for the same six month period from accepting as a new patient at any location within a fifteen-mile radius of the said Kreusch office any current patient of Dr. Thomas J. Kreusch, D.C., Inc."

The court further stated that subject to this order, Wilson could continue to practice at his current location.

"A covenant not to compete which imposes unreasonable restrictions upon an employee will be enforced to the extent necessary to protect an employer's legitimate interests." *Raimonde v. Van Vlerah* (1975), 42 Ohio St.2d 21, 71 O.O.2d 12, 325 N.E.2d 544, paragraph one of the syllabus. "A covenant restraining an employee from competing with his former employer upon termination of employment is reasonable if the restraint is no greater than is required for the protection of the employer, does not impose undue hardship on the employee, and is not injurious to the public." *Id.* at paragraph two of the syllabus. "Courts are empowered to modify or amend employment agreements to achieve such results." *Id.* at 26, 71 O.O.2d at 14, 325 N.E.2d at 547; see, also, *Rogers v. Runfola & Assoc., Inc.* (1991), 57 Ohio St.3d 5, 8, 565 N.E.2d 540, 543–544.

Restrictive covenants not to compete are not favored by the law. "This measure of disfavor is especially acute concerning restrictive covenants among physicians, which affect the public interest to a much greater degree." *Ohio Urology, Inc. v. Poll* (1991), 72 Ohio App.3d 446, 452–453, 594 N.E.2d 1027, 1031. However, noncompetition covenants between physicians are not *per se* unenforceable and if reasonable may be enforced via injunctive relief. *Id.* at 454, 594 N.E.2d at 1032–1033.

Kreusch argues that the trial court's limitations to the express provisions of the covenant were based on a finding of delay by Kreusch in enforcing the covenant. However, we do not find that the modifications to the covenant were based solely on Kreusch's supposed delay in seeking to enforce the covenant. The trial court found that enforcing the covenant by its geographic terms was not necessary to protect Kreusch's interests. The trial court also cited various factors to be considered in evaluating the reasonableness of a covenant not to compete, as set forth in *Raimonde v. Van Vlerah*, 42 Ohio St.2d at 25, 71 O.O.2d at 14, 325 N.E.2d at 546–547.

Moreover, although delay in seeking injunctive relief may not be a basis to reduce the amount of damages resulting from a breach of the covenant, it may be considered in evaluating the reasonableness of the injunctive relief sought. *Raimonde* recognized that one of the factors to be considered in determining whether a covenant is reasonable is whether the benefit to the employer is disproportionate to the detriment to the employee. Delayed enforcement of a covenant not to compete can alter that balance by increasing the covenant's detrimental effect on the employee.

The modifications adopted by the trial court struck an appropriate balance between the interests of Kreusch, Wilson, and the public. The restrictions provide protection to Kreusch, in that they preserve his patient base and limit Wilson's ability to compete with him in the immediately surrounding area. The restrictions do not impose undue hardship on Wilson, in that they do not require him to move his office, nor do they preclude him from accepting new patients, except from within a relatively small prohibited area. Finally, the restrictions are not injurious to the public, in that they have no impact on current patients of Wilson and only a limited impact on potential new patients. The covenant as modified by the trial court is reasonable and may be enforced by way of injunction.

Kreusch's third assignment of error is overruled.

### Wilson's Assignments of Error

In his brief, Wilson also stated three assignments of error. Kreusch has moved to strike Wilson's first two assignments of error because Wilson failed to file a notice of appeal or cross-appeal. Kreusch does not seek to strike Wilson's third assignment of error because, in Kreusch's view, it does not seek affirmative relief.

In response, Wilson states that he filed a notice of appeal of the trial court's decision, but the appeal was dismissed for failure to timely submit a brief. Wilson asks us to consider the original notice of appeal as sufficient in lieu of a notice of cross-appeal.

For the reasons set forth below, Wilson's assignments of error will be overruled. Accordingly, it is not necessary for us to reach the merits of Kreusch's motion to strike, and it is therefore deemed to be moot.

Wilson's first two assignments of error are interrelated and will be considered together.

### Wilson's First and Second Assignments of Error

"The Common Pleas Court of Montgomery County, Ohio erred in not considering the letter sent by appellee to appellant in determining whether there had been a rescission.

"The Common Pleas Court of Montgomery County, Ohio erred in not determining that the covenant not to compete was rescinded along with other portions of the employment contract."

In both of these assignments of error, Wilson raises the issue of whether the contract was rescinded as a result of Kreusch's breach of that contract.

■ "Where there has been a breach of a material and vital provision of a contract by one party, the other party thereto may either treat the contract as terminated and rescind it and pursue the remedy that such rescission entitles him to, or he may sue for damages for a breach of the contract." 18 Ohio Jurisprudence 3d (1980) 230, Contracts, Section 309.

In the first appeal, we held that having elected to pursue a breach of contract action, Wilson was not entitled to also pursue a remedy based on rescission of the contract. Similarly, once Wilson elected to treat the contract as having been breached for purposes of presenting his affirmative claim for relief, he was precluded from asserting the contract's rescission as a potential defense to Kreusch's counterclaim.

■ Moreover, our decision in the first appeal as to rescission constitutes the law of the case. "[T]he decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 2–3, 462 N.E.2d 410, 412.

Wilson's first and second assignments of error are overruled.

### Wilson's Third Assignment of Error

"The Common Pleas Court of Montgomery County, Ohio erred in imposing an injunction on appellee not to compete with appellant for six months within a specified geographic area."

Wilson contends that the trial court erred in enforcing by way of injunction the covenant not to compete, even in the more limited form as prescribed by the trial court. As stated in our disposition of Kreusch's third assignment of error, the covenant as modified by the trial court was reasonable and, therefore, enforceable. Wilson's breach of the covenant entitled Kreusch to some degree of injunctive relief, and the trial court did not err in imposing the injunction on Wilson.

Wilson's third assignment of error is overruled.

### Conclusion

Kreusch's second assignment of error is sustained. All other assignments of error are overruled. That portion of the trial court's order imposing an injunction on Wilson is affirmed. That portion of the trial court's order which entered a monetary judgment in favor of Kreusch in the amount of $21,076.24 is reversed. The matter is remanded to the trial court with instructions to re-enter judgment

in favor of Kreusch and to recalculate the amount of his net damages in a manner consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

FAIN and FREDERICK N. YOUNG, JJ., concur.