This matter concerns a decision by the Court of Common Pleas of Columbiana County awarding and dividing marital and non-marital property as part of a divorce proceeding. The heart of the current dispute revolves around whether a certain five-acre tract of real property was marital property. The trial court decided this issue on remand from this Court's decision in Locke v. Locke (Nov. 30, 1998), Columbiana App. No. 97-CO-21, unreported. Appellant argues that the trial court exceeded the scope of this Court's mandate on remand and failed to properly deduct the value of the five-acre parcel from the marital assets. For the following reasons, we affirm the decision of the trial court.
The parties were married on August 25, 1984. In 1988, Appellant's parents gifted a parcel of real property in Rogers, Ohio, to Appellant and Appellee, jointly. Also in 1988, Appellant and Appellee purchased two parcels of real property from a third person which were adjacent to the gift parcel. Sometime after these real estate transfers took place, the parties built a house in Rogers at 46175 College Street Extension, which is the street address of at least one of the aforementioned parcels of real estate. It is likely that some or all of the new home was built on property still owned by Appellant's parents instead of on the adjacent real estate owned by Appellant and Appellee. (Tr. pp. 82, 133, 142; 197; Pl. Exh. 8).
Appellee filed for divorce on July 3, 1996, with trial commencing on March 5, 1997. Two appraisals of the marital residence were admitted into evidence. (3/15/97 Tr., Pl. Exh. 8, Joint Exh. 1). One of the appraisals indicated that the marital residence might be situated on a parcel of real estate not owned by either Appellant or Appellee. (3/15/97 Tr., Pl. Exh. 8, p. 5). There was also testimony that the real estate gifted by Appellant's parents already had improvements on it at the time of the gift, such as a septic system, wells and electricity hook-ups.
On April 8, 1997, the Court of Common Pleas of Columbiana County, Ohio, issued an Opinion and Judgment Entry granting the divorce. In dividing the marital assets, the court determined the marital residence to be valued at $105,000. The court determined that there also existed a five-acre parcel of real estate valued at $7,500 and that this real estate was a non-marital asset belonging to Appellant. The court determined that there were $10,000 of non-marital improvements on the real estate including a septic system, a well and a driveway. The trial court's opinion did not make clear whether the five-acre parcel worth $7,500 was separate from or a part of the $105,000 valuation of the marital residence. Ultimately, the court determined that the marital property had a value of $95,000 ($105,000 less $10,000). The court did not explain how the five-acres of real estate valued at $7,500 entered into the calculation.
On May 7, 1997, Appellant filed a Notice of Appeal of the April 8, 1997, decision. One of the assignments of error in that appeal challenged the trial court's allocation of the $7,500 five-acre parcel of real estate as part of the division of marital property. Locke v. Locke,supra, at *6. This Court reversed and remanded the matter asking the trial court to determine whether the five-acre parcel was separate and apart from the marital residence or was property on which the marital residence rested. Locke v. Locke, supra at *7. This Court also directed the trial court to deduct the $7,500 from the value of the marital residence if the trial court determined that the marital residence did in fact rest upon this five-acre parcel. Id.
On remand, the trial court scheduled a pre-trial hearing on January 15, 1999, to decide the specific issue remanded from this Court. The court continued this hearing on January 19, 1999, ordering the parties to submit proposed findings of fact and conclusions of law. The matter was set for non-oral decision to be rendered on February 22, 1999.
On March 3, 1999, the trial court filed its Opinion and Journal Entry. The court found that the $10,000 amount which was originally deducted from the $105,000 appraisal was comprised of the $7,500 five-acre parcel of real estate and $2,500 worth of improvements on that real estate consisting of a well, septic system and driveway. The court made clear in its entry that the original valuation of $105,000 included the marital residence and the five-acres of real estate with its improvements. The court determined that the marital residence had a marital value of $95,000.
On March 29, 1999, Appellant filed a timely appeal of the March 3, 1999, Judgment Entry.
Appellant's sole assignment of error states:
 "THE LOWER COURT ERRED BY NOT FOLLOWING THE DIRECTIVES OF THIS COURT WHEN REMANDED FOR FURTHER PROCEEDINGS AND WITH SPECIFIC INSTRUCTIONS."
The essence of Appellant's argument is that the trial court did not obey the mandate given by this Court when the case was remanded in Lockev. Locke (Nov. 30, 1998), Columbiana App. No. 97-CO-21, unreported. Appellant argues that the trial court was only authorized to make one decision on remand, namely, to determine whether the five-acre parcel of real estate valued at $7,500 was the real estate upon which the marital home was built. Appellant argues that the trial court did find on remand that the marital home was built on the $7,500 parcel, but that the trial court failed to carry out the further mandate of this Court to reduce the value of the marital residence by $7,500. Appellant argues that the trial court was not authorized to change any of the property valuations used in its April 8, 1997, Judgment Entry because those valuations were upheld on appeal in Locke v. Locke, supra.
In his Reply Brief, Appellant admits that the marital residence was at least partially built on property not deeded to either Appellant or Appellee. Appellant argues that it does not matter that the five-acre parcel in question was not deeded to Appellant or Appellee. Appellant argues that the property upon which the marital home was built was valued by the trial court at $7,500 and that this property was determined to be non-marital property. Appellant concludes that the $7,500 must therefore be deducted from the value of the marital residence, resulting in a net value of the marital property of $87,500 ($105,000 original value, less $10,000 of non-marital improvements attributed to Appellant's parents, less the $7,500 non-marital real estate attributed as a gift to Appellant from his parents).
There are two standards of review which apply to the trial court decision at issue. First, the scope of authority of a trial court in a case remanded from an appellate court is that, "absent extraordinary circumstances, such as an intervening decision by [the Ohio Supreme Court], an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." Nolan v. Nolan
(1984) 11 Ohio St.3d 1, 5; accord, Transamerica Ins. Co. v. Nolan
(1995), 72 Ohio St.3d 320, 323. Second, we review a domestic relations order dividing marital assets and liabilities on an abuse of discretion standard. Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 94. This Court must examine the decision below to see if it was fair, equitable, and in accordance with law. Id.; Locke v. Locke, supra.
When a court of appeals reverses and remands a case to a lower court, it has the effect of reinstating the case on the docket of the court below. It must be placed in precisely the same condition that existed immediately before the action which resulted in the appeal and reversal.Armstrong v. Marathon Oil Co. (1987), 32 Ohio St.3d 397, 418; Wilson v.Kreusch (1996), 111 Ohio App.3d 47, 51.
In Locke v. Locke, supra, this Court reversed and remanded an April 8, 1997, entry which, in part, allocated marital assets and liabilities:
 "We have thoroughly examined the record in this case including the appraisals each party presented and the opinion and judgment entry of the trial court. Having done this, we are still unable to ascertain why the trial court did not deduct appellant's $7,500 non-marital share of the property.
 "Therefore, we conclude that the trial court * * * did not indicate the basis for its decision in sufficient detail to enable us, as a reviewing court, to determine that the decision was fair, equitable, and in accordance with law as to this particular issue.
"* * *
 "The decision of the trial court on this issue alone is hereby reversed and remanded. On remand the trial court should further indicate the basis of its division of the real estate. Specifically, the court needs to identify whether appellant's share of non-marital real estate valued at $7,500 is real property separate and apart from that upon which the marital residence rests. If it is the real property upon which the marital residence rests then the trial court needs to further deduct $7,500 from the value of the marital residence (i.e., $105,000 minus $10,000 minus $7,500 equaling $87,500)."
Locke v. Locke, supra, at *7-8 (emphasis added).
Appellant has interpreted the preceding section of Locke v. Locke to mean that the trial court was required to subtract $7,500 from the calculation of the value of the marital residence, no more and no less. Appellee interprets this same language to mean that the trial court first needed to determine whether the five-acre parcel was actually deeded to Appellant and, if so, deduct the $7,500 from the value of the marital residence. The trial court interpreted our decision as a request for a more detailed explanation as to how it arrived at a value of $95,000 for the marital residence, rather than a value of $87,500.
Although this Court found that the trial court abused its discretion in its allocation of the real property division of marital assets, it erred in not providing enough detail within the judgment entry for this Court to properly review the allocation. Therefore, the trial court was correct in interpreting its mandate on remand as a requirement for a more detailed judgment entry rather than as a ministerial requirement to deduct $7,500 from the amount of the marital residence.
The trial court's March 3, 1999, Judgment Entry clarifies that there was no arithmetical error in calculating the value of the marital residence, but rather, that the non-marital real estate valued at $7,500 was part of the $10,000 amount deducted from the total appraised value of $105,000. (3/3/99 Judgment Entry, p. 2). The trial court did find that the five-acre parcel of real estate was included in the $105,000 gross value of the marital residence. The trial court also stated that part of the $105,000 amount was attributable to the value of improvements on part of the real estate, namely, a well, a septic system and a driveway. The value of these improvements was $2,500. The trial court made clear that this $2,500 plus the value of the five-acre parcel, or $7,500, equalled the $10,000 found in the original entry. This $10,000 was deducted from a total value of $105,000 to arrive at $95,000 for the final value of the marital residence. Thus, the March 3, 1999, Judgment Entry appears to have done exactly what it was supposed to do on remand: 1) determine if the $7,500 parcel was part of the $105,000 gross appraised value of the marital residence; 2) deduct $7,500 from the gross value of the marital residence if the $7,500 parcel was non-marital property; and 3) explain in more detail how the trial court arrived at $95,000 as the net value of the marital residence.
The calculations in the March 3, 1999, Judgment Entry are supported by the appraisals which are part of the record. Joint Exhibit 1 was an appraisal prepared by Kenneth Baer. That appraisal valued the disputed five acres at $7,500. Plaintiff's Exhibit 8 was an appraisal prepared by St. George Appraisal Service. That appraisal noted that the site being appraised encompassed approximately six acres and that the "as-is" value of improvements on the site was $3,000. Appellant is incorrect when he claims that there was no evidence to support a valuation of $2,500 for the site improvements. On the contrary, there is no evidence in the record to support Appellant's valuation of $10,000 for the improvements.
It is the duty of the trial court to determine values for all property at issue in a domestic relations case and to divide that property equitably. R.C. § 3105.171(C)(1). It appears from the record that the trial court did obey the mandate of this Court on remand and that the March 3, 1999, decision was fair, equitable and in accordance with law.
Appellant also argues that the trial court unfairly taxed all costs of the remanded issue to him. (3/3/99 Judgment Entry, p. 3). Appellant argues that this Court ordered the costs of the appeal to be split equally between the parties, but nothing in the record reflects such an order.
We find that Appellant's assignment of error is without merit. We therefore affirm the judgment of the trial court in full.
 _____________ WAITE, J.
Vukovich, J., concurs.
Cox, P.J., concurs.