[Cite as *State v. Henry*, 2012-Ohio-420.]

IN THE COURT OF APPEALS OF CLARK COUNTY, OHIO

STATE OF OHIO                      :

     Plaintiff-Appellee        :      C.A. CASE NO. 10CA116

vs.                                :      T.C. CASE NO. 99CR0584

ANJUAN HENRY                       :      (Criminal Appeal from
                                          Common Pleas Court)

     Defendant-Appellant       :

. . . . . . . .

O P I N I O N

Rendered on the 3rd day of February, 2012.

. . . . . . . .

Andrew Wilson, Pros. Attorney; Andrew R. Picek, Asst. Pros. Attorney, Atty. Reg. No. 0082121, 50 E. Columbia Street, 4th Floor, P.O. Box 1608, Springfield, OH 45501
     Attorneys for Plaintiff-Appellee

Anjuan Henry, Inmate No. 401-154, P.O. Box 69, London, OH 43140
     Defendant-Appellant, Pro Se

. . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant, Anjuan Henry, appeals from a final order of the court of common pleas that denied Defendant's motion for return of monies law enforcement officers seized during a search of Defendant's residence.  Finding the error Defendant assigns is barred by res judicata, we will affirm the final order from which

the appeal was taken.

{¶ 2} In 1999, Defendant was charged by indictment in Common Pleas Court Case No. 99-CR-0584 with two counts of drug trafficking in violation of R.C. 2925.03. Defendant was also charged by indictment in Case No. 99-CR-296 with one count of drug possession, R.C. 2925.11, and as a major drug offender. R.C. 2925.01, 2929.13(F). The two indictments were joined for trial.

{¶ 3} Defendant was convicted of the charges in both indictments following a jury trial. On July 20, 2000, the trial court imposed prison terms and mandatory fines for all three offenses. When law enforcement officers searched Defendant's residence at the time of his arrest, they seized $2,700 in cash. Concerning those funds, the judgment of conviction the court journalized on September 25, 2000, states:

{¶ 4} "The court further finds that the court reporter has in her possession property belonging to the defendant to-wit: $2,700.00 that was recovered from defendant and that this money be released to the Clerk to be applied towards the mandatory fines imposed herein to-wit: $900.00 to the Clark County Prosecutor's Office; $900.00 to the Ohio State Highway Patrol and $900 to the Mad River Drug Task Force." (Dkt. 25, p. 2).

{¶ 5} Defendant appealed from his judgment of conviction. We reversed, finding that the trial court erred when it joined

the possession and drug trafficking charges in a single trial, and also abused its discretion when the court denied Defendant's motion to continue his trial. The case was remanded for further proceedings. *State v. Henry*, Clark App. No. 2000CA0080, 2002-Ohio-391.

{¶ 6} On November 10, 2003, Defendant entered no contest pleas to the two drug trafficking charges in Case No. 99CR0584. Defendant was sentenced on November 12, 2003. No judgment of conviction was journalized until January 7, 2011, however. That judgment makes no mention of the fines the court previously imposed or the $2,700.00 the court ordered forfeited and applied toward those fines.

{¶ 7} Prior to the journalization of his judgment of conviction in 2011, but six and one-half years after the court had imposed his sentence in 2003, on April 21, 2010 Defendant filed a motion asking for return of the $2,700.00 police seized. (Dkt. 46). Defendant argued that the State failed to follow the statutory procedures forfeiture requires. The trial court denied Defendant's motion on December 10, 2010. (Dkt. 47). Defendant filed a notice of appeal from that order.

ASSIGNMENT OF ERROR

{¶ 8} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR RECOVERY OF FUNDS."

{¶ 9} Defendant argues that the forfeiture of monies law enforcement officers seized in the search of his home was erroneous for failure to follow the statutory provisions governing forfeiture.

{¶ 10} The State responds that any error the forfeiture involved is nevertheless harmless because a misapplication would benefit Defendant by reducing fines he is obligated to pay. The State relies on our decision in *State v. Jamison*, Montgomery App. No. 23211, 2010-Ohio-965.

{¶ 11} In *Jamison*, we held that the defendant lacked standing to invoke the statutory right of the true owner of seized funds to recover possession of such funds because the defendant denied ownership of the funds when he testified at trial. *Id.*, at ¶31. We further held that even if the court's order applying the seized funds to court costs the defendant was obliged to pay was improper, the defendant was not prejudiced, and the error was therefore harmless, "because the misapplication reduces his obligation to pay the court costs, unless and until the rightful owner of the funds comes forward to claim them." *Id.*, ¶44.

{¶ 12} The facts of the present case do not implicate the issue of standing in the way that *Jamison* did. Nevertheless, we find that Defendant is barred from assigning the error he argues on appeal.

{¶ 13} "Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction, *or an appeal* from that judgment." *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E. 2d 104, paragraph nine of the syllabus.

{¶ 14} Defendant could have raised the issue of the forfeiture and application to pay fines of the monies law enforcement officers seized in a search of his home in his prior direct appeal from his convictions for drug trafficking in which the forfeiture and application were ordered. Defendant did not raise those issues in that appeal. Defendant was therefore barred from raising those issues in the motion he filed on April 21, 2010. *Id.* The trial court did not err when it denied Defendant's motion to recover those funds.

{¶ 15} The assignment of error is overruled. The judgment from which the appeal is taken will be affirmed.


HALL, J., concurs.


FROELICH, J., concurring in judgment:

{¶ 16} After being convicted by a jury in Case Nos. 99-CR-584 (drug trafficking 2 counts) and 99-CR-296 (possession), Appellant was ordered to serve 27 years in prison, pay mandatory fines of $20,000 and costs; further his driver's license was suspended and the court ordered that property, to-wit $2,700, which "belongs to the defendant but was in the possession of the court reporter," be released to the clerk "to be applied towards the mandatory fees." In October 2000, the "Judgment Entry of Conviction" in both cases was appealed.

{¶ 17} In February 2002, we reversed the judgment of the trial court and remanded the case. *State v. Henry*, 2d Dist. Clark No. 2000-CA-80, 2002 WL 125717 (Feb. 1, 2002). In June 2003, the possession charge in Case No. 99-CR-296 was retried to a jury. Henry was convicted and sentenced to mandatory 17 years in prison, a $10,000 fine, and a five-year driver's license suspension. The judgment further states: "The Springfield Police Department has in its possession property belonging to the defendant, to-wit: $2,700.00 in Case No. 99-CR-584. The Clerk shall seize this property for distribution toward the fine imposed once Case No. 99-CR-584 is disposed of." Appellant filed a Notice of Appeal in this case (99-CR-296).

{¶ 18} In November 2003, Appellant entered a plea of no contest in Case No. 99-CR-584, and was found guilty of drug trafficking.

The plea agreement included an agreed sentence to five years in prison on each count, to be served consecutively to each other, but concurrently with the prison sentence in Case No. 99-CR-296. The trial court signed the plea agreement, but did not file a separate judgment entry. (No Judgment Entry of Conviction was filed in Case No. 99-CR-584 until January 7, 2011.) Following his plea, Appellant filed a Notice of Appeal, attaching the plea agreement, and the appeals in the possession and drug trafficking cases were consolidated for briefing.

{¶ 19} In August 2005, we affirmed the judgments in Case Nos. 99-CR-584 and 99-CR-296. *State v. Henry*, 2d Dist. Clark Nos. 2003-CA-47 & 2003-CA-88, 2005-Ohio-4512. More than four years later, in April 2010, Appellant filed a motion in Case No. 99-CR-584 for recovery of the $2,700. The trial court held that the "pro se motion for recovery of funds which were ordered forfeited as a result of his conviction in this case * * * is not well taken and the same is denied." That ruling is the subject of this appeal.

{¶ 20} The subsequent January 2011 Judgment in Case No. 99-CR-584 sentenced Henry to prison and post-release control; there is no mention of any fine, costs, or the $2,700. On the same date, the trial court filed an amended judgment entry in Case No. 99-CR-296, apparently for the purpose of correcting post-release control.

{¶ 21} Under the doctrine of res judicata, a valid final judgment precludes the relitigation of the same issue or claim which could have been raised at trial or in an appeal of the trial court's judgment. While it is correct that the Appellant's assignments and our 2002 opinion's rationale dealt with the trial court's erroneous joinder of charges on a single trial and its abuse of discretion in denying a motion to continue, our Final Entry reversed the judgment of the trial court and remanded the cause for further proceedings consistent with the opinion.

{¶ 22} "Ordinarily, a reversal of judgment on appeal nullifies the judgment below, leaving the case standing as if no judgment had been rendered." *Burns v. Daily*, 114 Ohio App.3d 693, 704, 683 N.E.2d 1164 (11th Dist.1996). "The effect of a reversal and order of remand is to reinstate the case to the docket of the trial court in precisely the same condition [as] before the error occurred." *Wilson v. Kreusch*, 111 Ohio App.3d 47, 51, 675 N.E.2d 571 (2d Dist.1996). See *Armstrong v. Marathon Oil Co.*, 32 Ohio St.3d 397, 418, 513 N.E.2d 776 (1987).

{¶ 23} Therefore, the reversed 2000 Judgment in both cases was a nullity and cannot serve as a valid final judgment for purposes of res judicata. Appellant was convicted and sentenced in Case No. 99-CR-584 by the January 2011 Judgment; there has been no appeal. The January 2011 entry does not order anything or even

mention the $2,700.

{¶ 24} The June 2003 Judgment in Case No. 99-CR-296, however, ordered that the $2,700 be seized by the clerk and distributed after Case No. 99-CR-584 was disposed of. Appellant appealed from that judgment, raising four assignments of error. None of his assignments challenged the trial court's order for the clerk to seize the $2,700 for distribution toward the mandatory fine. Appellant could have raised the issue of forfeiture in that direct appeal (of 99-CR-296). I would find that Appellant was barred by res judicata from raising the issue of the forfeiture and application to pay fines due to his failure to raise these issues in his direct appeal from the June 2003 Judgment in Case No. 99-CR-296.

. . . . . . . . . .

Copies mailed to:

Andrew R. Picek, Esq.
Anjuan Henry
Hon. Richard J. O'Neill