[Cite as *State v. Morrison*, 2026-Ohio-131.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2025-0088 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2025-0098 |
| MICHAEL N. MORRISON | Judgment:   Dismissed |
| Defendant – Appellant | Date of Judgment Entry: January 15, 2026 |

**BEFORE:** Craig R. Baldwin; Andrew J. King; Robert G. Montgomery, Judges

**APPEARANCES:** RON WELCH, Prosecuting Attorney, JOSEPH A. PALMER, Assistant Prosecuting Attorney, for Plaintiff-Appellee; CHRIS BRIGDON, for Defendant-Appellant.

*Baldwin, P.J.*

{¶1}   The appellant, Michael N. Morrison, appeals the August 25, 2025, Judgment Entry, of the Muskingum County Court of Common Pleas forfeiting a 2015 BMW X1 ("the vehicle"). The appellee is the State of Ohio.

### STATEMENT OF FACTS AND THE CASE

{¶2}   On January 29, 2025, the Muskingum County Grand Jury indicted the appellant on:

- One count of Obstructing Justice with a Firearm Specification and a Specification for Forfeiture of Property in violation of R.C. 2921.32(A)(2), 2941.141(A), and 2941.1417(A);

- One count of Having Weapons While Under Disability with a Specification for Forfeiture of Property in violation of R.C. 2923.13(A)(4) and 2941.1417(A);

- One count of Improperly Handling Firearms in a Motor Vehicle with a Specification for Forfeiture of Property in violation of R.C. 2923.16(B) and 2941.1417(A); and

- One count of Aggravated Possession of Drugs with a Firearm Specification and a Specification for Forfeiture of Property in violation of R.C. 2925.11(A), 2941.141(A), and 2941.1417(A).

{¶3} Pursuant to a plea agreement, the appellant entered guilty pleas to one count of Improperly Handling Firearms in a Motor Vehicle with a Specification for Forfeiture of Property in violation of R.C. 2923.16(B) and 2941.1417(A) and one count of Aggravated Possession of Drugs with a Firearm Specification and a Specification for Forfeiture of Property in violation of R.C. 2925.11(A), 2941.141(A), and 29411417(A). The remaining charges were dismissed.

{¶4} On May 18, 2025, the trial court held a sentencing hearing. The appellant was sentenced to two and a half years in prison. At the hearing, the State requested the forfeiture of the vehicle. The appellant's counsel objected on the record, noting the vehicle was not titled to the appellant, but to his mother, D.M.

{¶5} A forfeiture hearing was held on August 20, 2025, to adjudicate D.M.'s ownership claim. D.M. appeared pro se, testifying that she and her husband, J.S., purchased the vehicle in January of 2025, but did not have title issued in her name until

June 24, 2025. J.S. also testified that the purchase was made in cash from their household funds and that the appellant did not contribute to the transaction.

{¶6}   G.R., a prior owner of the vehicle testified that she could not clearly remember the transaction details but recalled two men came to pick up the vehicle in January. In April, J.S. contacted G.R. stating that that "[his] son Michael bought" the vehicle and asking if she could file for a lost title because the appellant had lost the title to the vehicle.

{¶7}   The trial court found that D.M. failed to establish ownership of the vehicle.

{¶8}   The appellant filed a timely notice of appeal, and herein raises the following sole assignment of error:

{¶9}   "THE TRIAL COURT ERRED IN ORDERING FORFEITURE OF A VEHICLE TITLED TO A THIRD PARTY, THEREBY EFFECTING AN UNCONSTITUTIONAL TAKING AND VIOLATING R.C. 2981.09 AND R.C. 4505.04."

{¶10}  Before addressing the merits of the case, we find it necessary to comment on the quality of the appellate briefs. The appellant's initial brief cites legal authority that does not support the claimed entitlement. The Court specifically ordered the appellant to provide accurate citations. Furthermore, the appellee's brief is similarly deficient, failing to cite any legal authority, including the applicable standard of review.

{¶11}  This Court also sua sponte ordered supplemental briefing on the appellant's standing to contest the forfeiture of property in which he claims no interest. The appellant failed to comply and did not submit a supplemental brief in support of standing. The appellee's brief, submitted in support of standing, is unstructured and underdeveloped, providing insufficient analysis to support its argument.

**{¶12}** The cumulative effect of these inadequacies impedes the Court's ability to meaningfully evaluate the arguments and reflects a disregard for the standards of appellate practice.

## ANALYSIS

**{¶13}** Standing in a criminal forfeiture case is jurisdictional and may be raised at any time. *State v. Griffin*, 2020-Ohio-3707, ¶ 49 (1st Dist.). Standing is defined as "a party's right to make a legal claim or seek judicial enforcement of a duty or right." *In re $449 United States Currency*, 2012-Ohio-1701, ¶24 (1st Dist.), quoting *Black's Law Dictionary* 1442 (8th Ed.2004). The party must have "some real interest in the subject matter of the action." *In re $449* at ¶24.

**{¶14}** As noted by multiple Ohio Courts of Appeals, "if a defendant claims no interest in the seized property or claims that another person is the true owner of the property, the defendant has no standing to contest or appeal the forfeiture." *Griffin* at ¶53; *see, also*, *State v. Langston*, 2012-Ohio-6249, ¶9 (6th Dist.); *State v. Crumpler*, 2012-Ohio-2601, ¶21 (9th Dist.); *State v. Henry*, 2012-Ohio-420, ¶11 (2nd Dist.).

**{¶15}** In the case sub judice, the appellant denies having an ownership interest in the vehicle, claiming D.M. is the true owner of it. The trial court conducted a forfeiture hearing in response to D.M.'s claim of ownership on the vehicle and found that D.M. failed to show proof of ownership. The trial court ordered the vehicle forfeited. D.M. did not appeal the judgment entry; the appellant did.

**{¶16}** Because the appellant disclaimed ownership of the vehicle, he lacks standing to challenge its forfeiture. The appellant's sole assignment of error is dismissed.

## CONCLUSION

{¶17} For the foregoing reasons, the appeal is dismissed.

{¶18} Costs to the appellant.

By: Baldwin, P.J.

King, J. and

Montgomery, J. concur.