JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, Probate Division, the briefs and the oral arguments of counsel.
Appellant, James T. Hauff, who is the biological father of Heidi E. Seaman,[1] appeals the decision of the Cuyahoga County Court of Common Pleas, Probate Division finding his consent unnecessary upon the petition for adoption filed by Jonathan Paul Seaman. For the reasons that follow, we reverse and remand.
A review of the record reveals that appellant and Laura Hauff Seaman (Laura) were married in April 1992 and divorced in November 1995. Heidi, whose date of birth is September 3, 1992, was born as issue of the marriage. Laura eventually married Jonathan Paul Seaman (Seaman) in December 1996 and the latter filed a petition to adopt Heidi on December 22, 1999 claiming that appellant's consent was unnecessary because he both failed to communicate and support Heidi without justifiable cause in the year preceding the filing of the application.
A hearing was held on the issue of consent on April 24, 1999. In its entry journalized May 3, 2000, the trial court found that appellant failed to communicate or support Heidi without justifiable cause and therefore his consent was not required.
Appellant appealed this decision to our court. In an opinion released on February 1, 2001, this court found that appellant did indeed provide support in the year preceding the filing of the application. It likewise found that justifiable cause existed for appellant's failure to communicate with Heidi during this same time period. This court therefore reversed and remanded the case to the trial court for proceedings consistent with this opinion. See In re Seaman (Feb. 1, 2001), Cuyahoga App. No. 78093, unreported, 2001 Ohio App. Lexis 360 (hereinafter referred to as Seaman I).
On remand, the probate court issued an opinion journalized on June 5, 2001 wherein it discussed its role on remand stating:
 The court of appeals reversed and remanded this matter back to probate court for further proceedings consistent with its opinion. Reversing and remanding for further proceedings has the effect of reinstating the cause . . . in statu quo ante. Richman Bros. Co. v. Amalagamated Clothing (1956), 101 Ohio App. 459.
The probate court thereafter conceded that this court found that appellant did indeed provide support for Heidi and that appellant had justifiable cause for failing to communicate with her.[2] It, nonetheless, found that the remand's effect of in statu quo ante permitted it to review its earlier decision on whether appellant's consent was necessary in order not to achieve an unjust result. Referencing the transcript from the April 24, 2000 hearing, the probate court found that appellant did provide some support during the statutory one-year period but that there existed no such justifiable cause for appellant's lack of communication during this same time period. Accordingly, it, once again, found appellant's consent to the adoption unnecessary.
Appellant is now before this court and assigns two errors for our review.
 I.
In his first assignment of error, appellant contends that the trial court erred in failing to follow the law of the case. Succinctly, he claims that the issue of consent was already decided in Seaman I and that it was error for the probate court to supplant that decision with one of its own. We agree.
Under the doctrine of the law of the case, a decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. DeRolph v. Ohio (2001), 93 Ohio St.3d 309, 311 citing Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3. The doctrine functions to compel trial courts to follow the mandates of reviewing courts. Nolan,11 Ohio St.3d at 6.
In Seaman I, this court decided that not only had appellant provided support for his daughter in the year preceding the filing of the adoption petition but that he likewise had justifiable cause for failing to communicate with his daughter during that same time period.[3] This court's directive on remand was to conduct proceedings consistent with Seaman I, which from the context of the opinion could only mean that appellant's consent was necessary in order to proceed with the adoption petition. We are unable to fathom how the probate court could interpret this directive in any other manner. The probate court had no discretion to disregard a mandate of this court and was not free to render yet another opinion on an issue that this court had already decided. See State v. Latson (Nov. 1, 2001), Cuyahoga App. No. 79093, unreported, 2001 Ohio App. Lexis 4893. Consequently, the probate court erred when it found that appellant's consent was unnecessary as this issue had previously been decided in Seaman I.
Appellant's first assignment of error is well taken and is sustained.
 II.
Appellant's first assignment of error is dispositive of this appeal and it is, therefore, not necessary for this court to discuss appellant's second assignment of error pertaining to the issue of justifiable cause. See App.R. 12(A)(1)(c).
The judgment of the probate court is reversed and remanded. The trial court is hereby instructed that, consistent with this opinion and Seaman I, appellant's consent is necessary in order for the adoption petition to proceed. See R.C. 3107.06(B). If that consent is not forthcoming, then the petition for adoption must be dismissed pursuant to R.C. 3107.14(D).
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J. and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] The petition for adoption lists Heidi's surname as Seaman.
[2] The probate court's opinion erroneously states that this court found justifiable cause on both the issue of failure to provide support and failure to communicate. That is not accurate. This court only found justifiable cause existed for appellant's failure to communicate with his child. It found that appellant did indeed provide support.
[3] R.C. 3107.07(A) provides that a minor parent's consent is unnecessary if that parent failed without justifiable cause to communicate with the minor or to provide maintenance and support of the minor for at least one year preceding the filing of the adoption petition. Written in the disjunctive, either failure to communicate or failure to provide support during that time period is sufficient to obviate the need for that parent's consent.