**RICHMAN BROTHERS COMPANY, Plaintiff-Appellant, v.
AMALGAMATED CLOTHING WORKERS OF AMERICA et,
Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23612.   Decided January 26, 1956.

Jones, Day, Cockley & Reavis, for plaintiff-appellant.
William J. Isaacson, Smoot & Riemer, for defendants-appellees.

## OPINION

By HURD, J:

This is an appeal on questions of law in an action to enjoin defendants-appellees from causing to be picketed retail stores of plaintiff-appellant. Plaintiff-appellant will hereinafter be designated as "Rich-

man," and defendants-appellees will be hereinafter designated as "Amalgamated."

This appeal is from a judgment, order and decree rendered on motion of defendants by the Court of Common Pleas of Cuyahoga County on June 27, 1955, by which a temporary injunction against defendants was dissolved, plaintiff's petition was dismissed and final judgment rendered against Richman and in favor of Amalgamated on the ground that the Court of Common Pleas was without jurisdiction of the subject matter of the action and that the defendants were entitled to the relief sought by them.

The petition, insofar as is pertinent, in substance alleges that no labor organization is or claims to be the representative, for purposes of collective bargaining, of any of Richman's employees; that there is no labor dispute between Richman and any of its employees and that Amalgamated since March 31, 1951, has been engaged in a conspiracy to cause economic pressure to be directed against Richman to force such of its eligible employees to become members of the defendant Amalgamated so that the latter may become the representative of Richman's such employees for purposes of collective bargaining.

It is further alleged that the means employed in carrying out such conspiracy and in thereby irreparably injuring Richman consists of:

(a) causing stores of Richman to be picketed almost continuously during business hours by from one to many persons, all non-employees of Richman, who paraded immediately in front of the entrances carrying banners bearing inscriptions generally to the effect that Richman clothes are not union-made and bear no union label; and

(b) from time to time since March 31, 1951, Amalgamated and others referred to in the petition have caused and continue to cause, in addition to the picketing referred to in the above sub-paragraph 15 A, special sporadic picketing demonstrations to be made immediately in front of certain of plaintiff's stores in certain of the larger cities including Cleveland, Ohio. On such occasions as many as 15 to 20 and in some instances more persons, at times singing and shouting, mill about in a closely-formed group to and fro in front of the main entrance of the picketed store during a substantial portion of the store's business hours on a particular day or evening. None of such pickets is an employee of the plaintiff. Such pickets carry banners, signs on long poles and inflated ballons on long cords bearing printed inscriptions of substantially the same import as those described in sub-paragraph 15A of said petition. On such occasions, at times some of the pickets carry signs bearing printed inscriptions of the import that certain labor organizations other than the defendant Amalgamated and its joint boards and locals are participating in the picketing and cooperating with the defendants in their picketing campaign against plaintiff's retail selling business. On such occasions, the pickets, by their conduct and with the aid of their long poles and cords, create confusion in front of the picketed store and so block the entrance to the picketed store as to divert much of the pedestrian traffic on the sidewalk outwardly from the entrance. (Emphasis added.)

It is further alleged that the picketing was being carried on by

Amalgamated with the knowledge that it is the belief entertained by many of the general public that no persons should cross a picket line at an employer's place of business or enter any such picketed place for business purposes, and alleges that such picketing of Richman's stores excludes and has excluded prospective customers from the stores and damaged Richman irreparably.

The trial court in entering its judgment expressed the opinion that the cases of Grimes & Hauer, Inc. v. Pollock, decided by this court (71 Abs 153), and affirmed by the Supreme Court (163 Oh St 372). and the decision of the Supreme Court of the United States in the case of Garner v. Teamsters Union, 346 U. S., 485, were applicable to the instant case and decisive of the issues, and that therefore the Court of Common Pleas was without jurisdiction to entertain the action.

The question is fairly presented as to whether the Court of Common Pleas on the pleadings together with the record herein has jurisdiction of the subject matter of the action.

We think that the motion to dismiss the petition was in the nature of a demurrer on the ground that the petition did not state facts sufficient to constitute a cause of action because the subject matter was not within the jurisdiction of the Court of Common Pleas. In considering this question, we must, for the purposes of the motion to dismiss, accept as true the well-pleaded allegations of the petition and construe them together with all reasonably deducible intendments in favor of the petitioner.

It is true that in this case there are no allegations of violence or threats. This is true likewise of the cases of Grimes & Hauer, Inc. v. Pollock and Garner v. Teamsters Union where in neither of which there was any claim or evidence of other than peaceful picketing. It is also true that while all three cases involve Interstate Commerce, the allegations of the petition in this case, part of which we have emphasized, have an entirely different connotation than that of peaceful picketing. The allegation that "special sporadic picketing demonstrations" were carried on by the defendants in front of certain of plaintiff's stores. that on occasions as many as 15 to 20 and in some instances more persons, at times singing and shouting, milling about in a closely-formed group, to and fro in front of the main entrance in front of the picketed stores, during a substantial portion the stores' business hours, on a particular day or evening, for the purposes of the motion cannot be equated with peaceful picketing but must be construed as mass picketing.

When it is further pleaded that such pickets carry banners and signs on long poles and inflated balloons on long cords, bearing inscriptions of various kinds, who, by their conduct, create confusion in front of the picketed stores so as to block the entrance to the picketed stores and to divert much of the pedestrian traffic on the sidewalk outwardly from the entrance, there appears to be an allegation substantially indicating the obstruction of streets and highways in violation of law and order, with consequent blocking of means of ingress and egress.

The Supreme Court of the United States in the Garner case at page 488 of its opinion (346 U. S., 485) says:

"The National Labor Management Relations Act, as we have pointed

out, leaves much to the states, though Congress has refrained from telling us how much. We must spell out from conflicting indications of congressional will the areas in which state action is still permissible.

"This is not an instance of injurious conduct which the National Labor Relations Board is without express power to prevent and which therefore either is 'governable by the state or it is entirely ungoverned.' In such cases we have declined to find an implied exclusion of state powers. International Union v. Wisconsin Board, 336 U. S., 245, 254. **Nor is this a case of mass picketing**, threatening of employees, **obstructing streets and highways**, or picketing homes. **We have held that the state still may exercise 'its historic powers over such traditionally local matters of public safety and order and the use of streets and highways.'** Allen Bradley Local v. Wisconsin Board, 315 U. S., 740, 749. Nothing suggests that the activity enjoined threatened a probable breach of the states peace or would call for extraordinary police measures by state or city authorities. Nor is there any suggestion that respondents pleas of federal jurisdiction and preemption was frivolous and dilatory, or that the federal Board would decline to exercise its powers once its jurisdiction was invoked." (Emphasis supplied.)

The Garner case thus places a controversy such as here within the jurisdiction of the National Labor Relations Board, unless:

1. there is injurious conduct which the Board is without express power to prevent and therefore must be governed by the State or it would be entirely ungoverned.

2. there is a case of mass picketing, threatening of employees, obstructing streets and highways, or picketing homes.

3. there is a probable breach of the states peace.

4. there is a plea of federal jurisdiction which is merely frivolous and dilatory, or that the Board would decline to exercise its powers once its jurisdiction was invoked.

Ohio has historically interdicted mass picketing and conduct such as the obstruction of streets and highways and the prevention or limitation of the means of ingress and egress from and to an employer's place of business. We think that the allegations of the petition are such as clearly to distinguish the instant case from Garner and Grimes & Hauer and suggest an area for the exercise of State authority under Ohio law.

It is our conclusion that the activity in the petition described presents an area for the exercise of State authority to prevent the kind and character of conduct complained of herein.

See **Franz v. Electrical Workers Union, 108 Oh St 61; Crosby v. Rath, 136 Oh St 352; Sterling & Welch v. Duke, 33 O. O. 482, 485; General Electric Co. v. United Electrical Workers, etc., 45 Abs 258, 260.** (Compare Grimes & Hauer v. Pollock, supra.)

We refrain from a discussion of the evidence considered by the Court of Common Pleas when granting the temporary restraining order in the first instance although the evidence there presented by affidavits and photographs tends to sustain the allegations of the petition which we hold states facts sufficient to constitute a cause of action within the jurisdiction of Ohio courts.

For the reasons stated, the judgment of the Court of Common Pleas

is reversed and the cause is remanded with instructions to overrule the motion to dismiss the petition, and to vacate the order dissolving the temporary restraining order heretofore granted herein and to reinstate the cause for trial on the merits, and for further proceedings according to law.

Exceptions allowed to all proper parties. Order see journal.

KOVACHY, PJ, SKEEL, J, concur.

No. 23612. Decided March 14, 1956.

## OPINION

Per CURIAM:

Defendants-appellees, herein designated "Amalgamated" have filed an application for rehearing. The application states in part:

"Amalgamated, accepts the central finding in the opinion of this Court that 'special sporadic picketing demonstrations,' as alleged by Richman, 'cannot be equated with peaceful picketing, but must be construed as mass picketing.'"

Amalgamated, however, complains because this Court, in reversing the final judgment of the Court of Common Pleas for prejudicial error in dismissing the petition of plaintiff-appellant, herein designated "Richman," without a hearing on the merits and in remanding the cause to the Court of Common Pleas for further proceedings, instructed the Court likewise to vacate its order dissolving the temporary restraining order heretofore entered in this cause by the Court of Common Pleas.

It should be emphasized, we think, that the action of this Court in reversing this cause and remanding it for further proceedings had the effect of reinstating the cause to Common Pleas Court in statu quo ante. In other words, the compelling and inevitable effect of our reversal and order of remand is to reinstate the cause to the docket of the Common Pleas Court in precisely the same condition that obtained before the dismissal of the petition when it came on for final hearing.

There was at that time in full force and effect a temporary order restraining the defendants from picketing the various establishments and stores of Richman. That order, being a temporary or interlocutory order, was not before this Court for review, nor could it be since it was not a final order within the purview of §§2505.02 and 2505.03 R. C. However, the temporary order was in effect when the cause came on for final hearing in the Court of Common Pleas. The order of the Court upon final hearing in dismissing the suit and entering final judgment for Amalgamated had the effect of terminating all proceedings in favor of Amalgamated and the reversal and remand by this Court restored to the plaintiff all things which it had lost by reason thereof, including the reinstatement of the temporary restraining order.

It is our conclusion that any relief from the effect of the temporary restraining order sought by Amalgamated must be in the form of an application to the Court of Common Pleas as this Court is without jurisdiction to entertain any appeal from the interlocutory order. For these reasons the application for rehearing and for oral argument thereon is overruled.

Exceptions.

KOVACHY, PJ, SKEEL and HURD, JJ, concur.