**In re G.N. et al.**

[Cite as *In re G.N.*, 176 Ohio App.3d 236, 2008-Ohio-1796.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

No.  CA2007–12–119.

Decided April 14, 2008.

Donald W. White, Clermont County Prosecuting Attorney, and David H. Hoffmann and Tom Flessa, Assistant Prosecuting Attorneys, for appellee, Clermont County Department of Job and Family Services.

Robert C. Bauer, guardian ad litem.

William R. Kaufman, for appellant, Frances M.

POWELL, Judge.

{¶ 1} Appellant, Frances M., appeals the decision of the Clermont County Court of Common Pleas, Juvenile Division, granting permanent custody of her minor children, G.N. and H.N., to the Clermont County Department of Job and Family Services ("CCDJFS"). For the reasons set forth below, the juvenile court's judgment is affirmed in part and reversed in part, and the cause is remanded for further proceedings.

{¶ 2} This case concerns the second permanent-custody determination made by the juvenile court with respect to G.N. and H.N. On March 14, 2006, the magistrate issued his original decision granting permanent custody of the children to CCDJFS, finding that the children had been in the temporary custody of

CCDJFS for 12 or more months of a consecutive 22–month period and that it was in the children's best interest to grant permanent custody to CCDJFS. Appellant filed objections to the magistrate's decision, over which the juvenile court affirmed the magistrate's decision in its entirety.

{¶ 3} On January 16, 2007, however, this court reversed the juvenile court's decision on the basis that the court had failed to properly consider the requisite statutory factors in making its permanent-custody determination. *In re G.N.,* 170 Ohio App.3d 76, 2007-Ohio-126, 866 N.E.2d 32. The case was remanded to the juvenile court with instructions to properly consider those factors and to accord the matter the appropriate analysis.

{¶ 4} Thereafter, on January 24, 2007, appellant filed a Civ.R. 60(B) motion for relief from judgment with the juvenile court, arguing that the court's original permanent-custody decision should not have "prospective application" due to appellant's progress in abstaining from drug use and in maintaining "a suitable, appropriate home and lifestyle." On April 25, 2007, the magistrate issued supplemental findings of fact and conclusions of law, wherein he again determined that a grant of permanent custody to CCDJFS was in the children's best interest. The magistrate's decision did not, however, address appellant's Civ.R. 60(B) motion. The juvenile court thereafter upheld the magistrate's decision over appellant's written objections and expressly overruled appellant's Civ.R. 60(B) motion.

{¶ 5} Appellant now appeals the juvenile court's permanent-custody decision, advancing three assignments of error.

{¶ 6} Assignment of Error No. 1:

{¶ 7} "The trial court erred by not permitting a hearing on [appellant's] Civ.R. 60(B) motion filed on January 24, 2007."

{¶ 8} Assignment of Error No. 2:

{¶ 9} "The trial court's decision to deny [appellant's] Civ.R. 60(B) motion was error."

{¶ 10} Appellant's first and second assignments of error concern the juvenile court's treatment of her Civ.R. 60(B) motion. As the record demonstrates that the motion was filed in the juvenile court after this court had reversed and remanded the juvenile court's decision granting permanent custody of G.N. and H.N. to CCDJFS, we find appellant's assignments of error as to this matter without merit.

{¶ 11} Under Ohio law, it is well settled that "[o]nly final judgments are subject to vacation or modification pursuant to Civ.R. 60(B)." *Groza–Vance v. Vance,* 162 Ohio App.3d 510, 2005-Ohio-3815, 834 N.E.2d 15, ¶ 52, citing *Jarrett v.*

*Dayton Osteopathic Hosp., Inc.* (1985), 20 Ohio St.3d 77, 20 OBR 407, 486 N.E.2d 99. "Where a judgment is reversed for error, and remanded for further proceedings, the cause may be taken up, by the court below, at the point where the first error was committed, and be proceeded with, as in other cases, to final judgment." *Wilson v. Kreusch* (1996), 111 Ohio App.3d 47, 51, 675 N.E.2d 571, citing *Montgomery Cty. Commrs. v. Carey* (1853), 1 Ohio St. 463, paragraph one of the syllabus, and *Miller v. Miller* (1960), 114 Ohio App. 234, 237–238, 19 O.O.2d 108, 181 N.E.2d 282. "The effect of a reversal and an order of remand is to reinstate the case to the docket of the trial court in precisely the same condition that obtained before the error occurred." Id., citing *Richman Bros. Co. v. Amalgamated Clothing Workers of Am.* (1956), 101 Ohio App. 459, 465, 1 O.O.2d 385, 132 N.E.2d 769.

{¶ 12} In this case, the effect of our reversal of the juvenile court's first permanent-custody decision was to reinstate the case in the trial court in a posture where no final judgment had yet been rendered as to CCDJFS's motion for permanent custody. As a result, there was no final judgment from which appellant could request relief pursuant to Civ.R. 60(B), and a motion for relief from judgment was not the proper procedural device for appellant to seek introduction of evidence of her improved lifestyle. Accordingly, we find that the juvenile court did not err in failing to conduct an evidentiary hearing on or in denying appellant's Civ.R. 60(B) motion. Appellant's first and second assignments of error are therefore overruled.

{¶ 13} Assignment of Error No. 3:

{¶ 14} "The trial court erred in finding * * * a grant of permanent custody was in the children's best interests."

{¶ 15} In her third assignment of error, appellant contends that the juvenile court erred in finding that a grant of permanent custody was in the children's best interest when there was conflicting evidence presented as to the statutory factors governing permanent custody. As previously noted, this court reversed the juvenile court's original permanent-custody decision because it did not contain a clear indication that the court considered the required statutory factors pursuant to R.C. 2151.414 in making its permanent-custody determination. *In re G.N.*, 170 Ohio App.3d 76, 2007-Ohio-126, 866 N.E.2d 32. In doing so, we remanded the matter to the juvenile court to properly consider the requisite statutory factors, with clear instructions as to the analysis expected of the juvenile court, considering the magnitude of permanent-custody matters. Id. at ¶ 42–43.

{¶ 16} As we stated therein, the Ohio Supreme Court has found permanent termination of parental rights to be " 'the family law equivalent of the death

penalty in a criminal case,' " entitling parents to " 'every procedural and substantive protection the law allows.' " Id. at ¶ 43, quoting *In re Hayes* (1997), 79 Ohio St.3d 46, 48, 679 N.E.2d 680. We therefore continue to encourage trial courts to carefully and conscientiously review the applicable statutes governing permanent custody and to craft permanent-custody decisions to reflect that such an analysis was in fact undertaken. Where a court fails to comply with the statutory requirements governing permanent custody, we are forced to remand these matters to the trial court to do so, thereby leaving children such as G.N. and H.N. in limbo for unnecessarily prolonged periods of time.

{¶ 17} After reviewing the record in this case, we note that the juvenile court appears to have heeded our instructions to specifically consider each statutory factor pursuant to R.C. 2151.414(D). Our review of the court's decision, however, reveals a fundamental failure of the court with respect to its consideration of R.C. 2151.414(D)(4), concerning the children's "need for a legally secure permanent placement." This provision requires a trial court to consider "[t]he child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency." In reversing the juvenile court's first permanent-custody decision, we specifically instructed the court that this statutory factor "does not require the court to consider whether an agency *can* provide the necessary legally secure permanent placement, but instead requires the court to consider whether granting permanent custody *is the only way* the children's need for such placement can be achieved." (Emphasis added.) *In re G.N.*, 170 Ohio App.3d 76, 2007-Ohio-126, 866 N.E.2d 32, at ¶ 40.

{¶ 18} Nevertheless, on remand, the juvenile court found that "the *best option* for achieving the legally secure permanent placement the children strongly need is by granting permanent custody to the Agency." (Emphasis added.) Such a finding was made after the court noted the "tentative efforts" of the children's aunt, uncle, and stepparents with respect to completing the training required for adoption and the "untrustworthiness" of appellant. The court's use of the phrase "best option" implies there are other possible, though less desirable, options by which the children's need for a legally secure and permanent placement can be achieved.

{¶ 19} We reiterate that because R.C. 2151.414(D)(4) requires a juvenile court to consider whether a child's need for a legally secure permanent placement "can be achieved without a grant of permanent custody," the juvenile court must specifically determine that granting permanent custody is the *only way* the child's need for such placement can be achieved to satisfy this statutory factor. Because the juvenile court did not make this determination, the court's finding

with respect to R.C. 2151.414(D)(4) is in error. Appellant's third assignment of error is therefore sustained.

{¶ 20} The judgment is affirmed in part and reversed in part, and the cause is remanded to correctly apply R.C. 2151.414(D)(4) based on the evidence before it at the time of the magistrate's original decision.

Judgment accordingly.

WALSH, P.J., and BRESSLER, J., concur.