**In re C.P.; J.P. et al., Appellants.**

[Cite as *In re C.P.,* 187 Ohio App.3d 246, 2010-Ohio-346.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 09AP–823 and 09AP–854.

Decided Feb. 2, 2010.

Giorgianni Law, L.L.C., and Paul Giorgianni, for appellant J.P.

Yeura R. Venters, Public Defender, and Allen V. Adair, guardian ad litem.

Robert J. McClaren, for appellant Franklin County Children Services.

KLATT, Judge.

{¶ 1} Appellant J.P., the mother of C.P., appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, awarding permanent custody of her child to appellee, Franklin County Children Services ("FCCS"). The Franklin County Public Defender's Office, as the child's guardian ad litem, appeals from the same judgment. Because the trial court did not appoint counsel for J.P., we reverse that judgment and remand the matter for further proceedings.

{¶ 2} Appellant gave birth to C.P. on December 29, 2006. Within days, FCCS took custody of C.P. because the agency already had custody of J.P.'s other children.[1] In August 2007, FCCS filed a complaint in the trial court alleging that C.P. was a neglected and dependent child. The complaint alleged that FCCS had temporary custody of C.P.'s siblings and had filed for permanent custody of those children. The complaint further alleged that J.P. failed to use parenting skills learned in classes and failed to complete drug and alcohol assessments, domestic-violence classes, and counseling. The trial court found C.P. to be a dependent child and awarded temporary custody of her to FCCS. She was placed in a foster home with her siblings.

{¶ 3} The trial court approved and adopted a case plan to reunify J.P. and her daughter. Significant components of that case plan required J.P. to (1) complete parenting classes and to use knowledge gained from the classes, (2) refrain from being an aggressor or victim in further incidents of domestic violence, (3)

---

1. Her other three children were born on September 18, 1998, March 1, 2001, and October 1, 2004.

maintain independent housing, and (4) engage in individual counseling and follow all recommendations resulting from the counseling.

{¶ 4} On June 3, 2008, FCCS filed a motion seeking permanent custody of C.P. pursuant to R.C. 2151.413 and 2151.414. In the motion, FCCS alleged that J.P. had failed to complete the case-plan objectives. Specifically, FCCS alleged that she had failed to complete individual counseling and parenting classes, continued to engage in domestic violence, and failed to visit regularly with C.P.

{¶ 5} On December 1 and 2, 2008, the trial court held a hearing on the agency's motion for permanent custody. During that hearing, J.P. testified about her attempts to comply with her case plan by attending counseling and by obtaining adequate and independent housing. She also completed a domestic-violence assessment as well as parenting classes. She conceded that she had not taken advantage of the majority of allowed visits with her daughter. Nevertheless, she thought that she had bonded with her daughter. C.P.'s guardian ad litem requested that the trial court deny the agency's motion, noting J.P.'s improvement in every aspect of the case plan in the three to four months before the hearing.

{¶ 6} The family's caseworker, Erin Sines, testified about the concerns FCCS still had with J.P. In her opinion, J.P. and her daughter had not bonded. She also was concerned that J.P. was not consistent with her counseling efforts, as she had been terminated from her first counseling effort. Sines also expressed concerns with issues of continued domestic violence in J.P.'s life and her poor record of visiting with C.P. Sines requested that the trial court grant the agency's motion for permanent custody.

{¶ 7} On December 4, 2008, the trial court granted permanent custody of C.P. to FCCS. Subsequently, we reversed that decision. We concluded that the trial court failed to consider the correct statutory factors in determining whether the grant of permanent custody was in the child's best interest. *In re C.P.,* 10th Dist. No. 08AP–1128, 2009-Ohio-2760, 2009 WL 1653556, ¶ 52–53. We remanded the matter to the trial court for further proceedings. Id. at ¶ 67.

{¶ 8} On remand, the trial court simply revised its decision to clearly indicate its reliance on the proper statutory factors. In that revised decision, the trial court again granted permanent custody of C.P. to FCCS.

{¶ 9} J.P. appeals and assigns the following errors:

1. The juvenile court erred in not taking current evidence into the record before terminating the parent-child relationship.

2. The juvenile court erred in not appointing counsel for mother before terminating the parent-child relationship.

3. The juvenile court's reliance on Ms. Sines's testimony about the contents of reports was plain error.

4. The juvenile court erred in applying the repealed version of R.C. 2151.414(E)(11).

5. The juvenile court erred in finding that it is in the best interest of C.P. to permanently commit her to Franklin County Children Services.

6. Mother was deprived of her right to effective assistance of counsel.

{¶ 10} C.P.'s guardian ad litem also appeals and assigns the following errors:

[1.] The trial court erroneously granted Franklin County Children Services' motion for permanent custody of C.P. as there was not clear and convincing evidence such award was necessary and in the child's best interests.

[2.] The judgment of the trial court must be reversed as the record does not include a finding that Franklin County Children Services, as the agency seeking permanent custody, made reasonable efforts to reunify the family as required by *In re C.F.*, 113 Ohio St.3d 73, 2007-Ohio-1104, 862 N.E.2d 816.

{¶ 11} At the outset, we recognize that parents have a constitutionally protected fundamental interest in the care, custody, and management of their children. *Troxel v. Granville* (2000), 530 U.S. 57, 66, 120 S.Ct. 2054, 147 L.Ed.2d 49; *Santosky v. Kramer* (1982), 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599. The Supreme Court of Ohio has recognized the essential and basic rights of a parent to raise his or her child. *In re Murray* (1990), 52 Ohio St.3d 155, 157, 556 N.E.2d 1169. These rights, however, are not absolute. *In re Awkal* (1994), 95 Ohio App.3d 309, 315, 642 N.E.2d 424; *In re Sims*, 7th Dist. No. 02–JE–2, 2002-Ohio-3458, 2002 WL 1483889, ¶ 23. A parent's natural rights are always subject to the ultimate welfare of the child. *In re Cunningham* (1979), 59 Ohio St.2d 100, 106, 13 O.O.3d 78, 391 N.E.2d 1034.

{¶ 12} The Supreme Court of Ohio has described the permanent termination of parental rights as " 'the family law equivalent of the death penalty in a criminal case.' " *In re Hayes* (1997), 79 Ohio St.3d 46, 48, 679 N.E.2d 680, quoting *In re Smith* (1991), 77 Ohio App.3d 1, 16, 601 N.E.2d 45. Therefore, parents " 'must be afforded every procedural and substantive protection the law allows.' " Id.

{¶ 13} Because it is dispositive of this appeal, we first address J.P.'s second assignment of error, in which she contends the trial court erred by not appointing her counsel after this court remanded the matter to the trial court.

{¶ 14} Pursuant to R.C. 2151.352, a child's parent is entitled to representation by legal counsel "at all stages of the proceedings" under R.C. Chapter 2151. See *State ex rel. Asberry v. Payne* (1998), 82 Ohio St.3d 44, 48, 693 N.E.2d 794.

Juv.R. 4(A) also provides that every parent shall have the right to appointed counsel. "Thus, considering Juv.R. 4 and R.C. 2151.352, a parent has the right to counsel in a termination of parental rights proceeding." *In re I.D.*, 7th Dist. No. 09 CO 13, 2009-Ohio-6805, ¶ 23. The trial court appointed counsel for J.P. during the initial proceedings in the trial court. That representation ended when the trial court's judgment was appealed. However, after this court remanded the matter to the trial court, the trial court did not reappoint her prior counsel or appoint her new counsel.

{¶ 15} FCCS claims that the trial court's failure to appoint counsel was not error, because J.P. was not entitled to representation, as no "proceeding" occurred after this court remanded the matter to the trial court. We disagree.

{¶ 16} J.P. was entitled to representation at "all stages of the proceedings." R.C. 2151.352. Juv.R. 2(G) defines a "court proceeding" as "all action taken by a court * * * until the court relinquishes jurisdiction over [the] child." In the present case, the trial court reacquired jurisdiction over C.P. when we remanded the case for further proceedings, and the trial court did not relinquish that jurisdiction until it issued its revised decision granting the motion for permanent custody. Because the trial court possessed jurisdiction over C.P. after the remand but before it issued its second decision, that period of time constitutes a "stage of the proceedings" in which J.P. was entitled to appointed counsel pursuant to R.C. 2151.352 and Juv.R. 4(A). Therefore, the trial court's failure to appoint counsel violated J.P.'s right to have appointed counsel during "all stages of the proceedings."

{¶ 17} FCCS argues that even if J.P. was entitled to representation, she was not prejudiced by the trial court's failure to appoint counsel because there was nothing appointed counsel could do on her behalf. J.P. argues that appointed counsel could have attempted to present evidence of her continued compliance with her case plan following the initial December hearing. J.P. emphasizes that the trial court did not issue its second opinion until August 12, 2009, eight months after the hearing on permanent custody.

{¶ 18} The resolution of this argument requires us to consider the substance of J.P.'s first assignment of error, which concerns the trial court's authority to take new evidence after a remand. If the trial court had the authority to take additional evidence, J.P. may have been prejudiced by not having appointed counsel. Appointed counsel could have requested permission from the trial court to present evidence of J.P.'s continued compliance with her case plan. FCCS argues that the trial court lacked authority to take additional evidence.

{¶ 19} When a judgment is reversed and remanded for further proceedings, the trial court may take up the matter at the point where the first error was

committed. *In re G.N.*, 176 Ohio App.3d 236, 2008-Ohio-1796, 891 N.E.2d 816, ¶ 11. In other words, the cause is reinstated in the trial court in precisely the same condition it was in before the action that resulted in the appeal and reversal. *In re Walker*, 11th Dist. No. 2005–A–0008, 2005-Ohio-3773, 162 Ohio App.3d 303, 833 N.E.2d 362, ¶ 13, quoting *Armstrong v. Marathon Oil Co.* (1987), 32 Ohio St.3d 397, 418, 513 N.E.2d 776.

{¶ 20} In this case, we reversed and remanded the matter to the trial court because of the trial court's error. *In re C.P.*, 2009-Ohio-2760, 2009 WL 1653556, at ¶ 52–53. The effect of that remand was to reinstate the case as if the hearing on FCCS's motion for permanent custody had just concluded. At that point in the proceedings, "[i]t is within the discretion of the trial court to permit either party to introduce evidence after both sides have rested." *Mills v. Mills*, 11th Dist. No. 2002–T–0102, 2003-Ohio-6676, 2003 WL 22928461, ¶ 48; *Teegardin v. J.C. Penney Cas. Ins.* Co. (Oct. 4, 1983), 10th Dist. No. 83AP–414, 1983 WL 3714, citing *Ketcham v. Miller* (1922), 104 Ohio St. 372, 136 N.E. 145. Thus, after the close of evidence, a trial court retains the authority to permit the parties to submit additional evidence. See also *Mills*, citing *State ex rel. Butler v. Demis* (1981), 66 Ohio St.2d 123, 128, 20 O.O.3d 121, 420 N.E.2d 116 (noting that a trial court possesses the inherent authority to regulate court proceedings). Therefore, we reject FCCS's argument that the trial court lacked the authority to consider additional evidence.

{¶ 21} FCCS also argues that even if the trial court generally has the authority to allow additional evidence to be submitted after the close of the evidence, our mandate in this case did not allow the trial court to exercise that authority. Again, we disagree.

{¶ 22} This court's prior decision concluded that the trial court's best-interest analysis was flawed. We instructed the trial court "to properly identify and apply the correct statutory factors, including all of the relevant best-interest factors, and to also articulate the reasons for its determinations." *In re C.P.*, 2009-Ohio-2760, 2009 WL 1653556, at ¶ 52–53. However, no other judge on the panel concurred with the writing judge's decision. The other two judges concurred in judgment only. Therefore, the judgment sets out the scope of this court's mandate. This court's judgment reversed the trial court's grant of permanent custody and remanded the matter for further proceedings. Id. at ¶ 67. Thus, contrary to FCCS's contention, this court's judgment did not limit the trial court's authority to reopen the evidence on remand if the trial court felt that such an action was necessary or justified.

{¶ 23} Although we conclude that J.P. was prejudiced by not having appointed counsel after the case was remanded to the trial court, we do not

decide whether or not the trial court should allow the submission of additional evidence if requested by J.P. That decision is within the discretion of the trial court. *Mills.* We note, however, that because a child's best interest is such a "dynamic factual issue," *In re D.J.,* 2d Dist. No. 21666, 2006-Ohio-6304, 2006 WL 3462142, ¶ 20, events that occur after a court's initial decision may be important in assessing what is in a child's best interest following a remand.

{¶ 24} In conclusion, we hold that the trial court erred by failing to appoint counsel to represent J.P. after remand. Therefore, we sustain J.P.'s second assignment of error. This disposition renders her remaining assignments of error, as well as the guardian ad litem's assignments of error, moot. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is reversed and vacated and the matter is remanded to the trial court for further proceedings consistent with law and this decision.

Judgment vacated
and cause remanded.

TYACK, P.J., and MCGRATH, J., concur.