[Cite as *Szymczak v. Tanner*, 2013-Ohio-4277.]

STATE OF OHIO            )          IN THE COURT OF APPEALS
                         )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA         )

ANNE K. SZYMCZAK                    C.A. No.      12CA0092-M

    Appellee

    v.                              APPEAL FROM JUDGMENT
                                    ENTERED IN THE
ANDREW N. TANNER                    COURT OF COMMON PLEAS
                                    COUNTY OF MEDINA, OHIO
    Appellant                       CASE No.      01 DR 0651

DECISION AND JOURNAL ENTRY

Dated: September 30, 2013

WHITMORE, Judge.

{¶1}   Appellant, Andrew Tanner ("Husband"), appeals from the judgment of the Medina County Court of Common Pleas, Domestic Relations Division. This Court affirms.

I

{¶2}   Husband and Anne Szymczak ("Wife") were divorced in 2002. They have one minor child, D.T., from the marriage. A shared parenting plan was entered into as part of their divorce, but this plan was terminated in 2005 because there was too much animosity between Husband and Wife. At that time, the parties agreed that Husband would be designated as the residential parent and that the parties would comply with a standard parenting time order. *Szymczak v. Tanner*, 9th Dist. Medina No. 10CA0101-M, 2012-Ohio-540, ¶ 2.

{¶3}   In 2007, Wife's parenting time was restricted because "the trial court found that [she] was exhibiting extreme animosity toward [Husband] in the presence of D.T. and that her inappropriate behavior posed a threat to his emotional well-being." *Szymczak* at ¶ 3. In June

2008, the parties entered into an agreement to restore Wife's parenting time and, ultimately, to return to the standard parenting time order. In 2009, having still not resumed standard parenting time, Wife filed a motion to modify her parenting time. In August 2010, after trial, the court denied Wife's motion. Wife appealed and this Court reversed. *Szymczak* at ¶ 26.

**{¶4}** On remand, the trial court entered an order granting Wife's motion and reinstating the standard parenting time order. Husband now appeals and raises five assignments of error for our review. To facilitate our analysis, we combine several assignments of error.

II

### Assignment of Error Number One

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING APPELLEE STANDARD PARENTING TIME RATHER THAN THE PARENTING TIME SCHEDULE SHE REQUESTED, AND THE PARTIES' (SIC) AGREED UPON, IN THE JOURNAL ENTRY OF JUNE 13, 2008.

### Assignment of Error Number Three

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO DETERMINE IF APPELLEE HAD MET THE TERMS OF THE JUNE 13, 2008 JOURNAL ENTRY REQUIRING APPELLEE TO ATTEND INDIVIDUAL THERAPY AND CO-PARENTING THERAPY PRIOR TO GRANTING HER STANDARD PARENTING TIME WITH THE CHILD.

### Assignment of Error Number Five

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY MODIFYING APPELLEE'S PARENTING TIME SCHEDULE WITHOUT FIRST DETERMINING THAT SUCH MODIFICATION WAS IN THE CHILD'S BEST INTEREST, AND WITHOUT ADDRESSING THE STATUTORY FACTORS SET FORTH IN R.C. 3109.051.

**{¶5}** In his first, third, and fifth assignments of error, Husband argues that the court erred in granting Wife standard parenting time because: (1) it is contra to the parties' agreement to gradually restore her parenting time; (2) the court did not determine that Wife was in compliance with the therapy requirements of the parties' agreement; and (3) the court did not

determine the standard order was in the child's best interest, using factors set forth in R.C. 3109.051.

{¶6} The law of the case doctrine "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). This is necessary "to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." *Id*. "Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Id*. at syllabus.

{¶7} In Wife's prior appeal in this case, she argued "that the trial court erred by failing to grant her motion to remove the restrictions from her parenting time with her child and to reinstate a standard order." *Szymczak*, 2012-Ohio-540, at ¶ 10. We agreed. We concluded that there was no evidence to justify the continued deviation from the standard order of parenting time and held that the court "erred in denying [Wife's] motion to remove the restrictions on her parenting time and reinstate a standard order." *Szymczak* at ¶ 25. We remanded the case to the trial court for proceedings consistent with our opinion. After a status conference hearing, the trial court issued an order granting Wife's motion to remove the restrictions on her parenting time and reinstated the standard order.

{¶8} Husband now argues that the trial court erred by reinstating the standard parenting order because Wife had not yet complied with the terms of the parties' agreement and the trial court did not find that the standard parenting plan was in the best interest of the child. However, in the prior appeal in this case, we decided that there was no evidence to justify a continued

deviation from the standard order of parenting time. *Id.* Based on our decision in that appeal, Husband's arguments are precluded by the law of the case doctrine. *See Nolan*, 11 Ohio St.3d at 3 ("[T]he decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both trial and reviewing levels.").

{¶9} Husband's first, third, and fifth assignments of error are overruled.

### Assignment of Error Number Two

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO CONDUCT AN EVIDENTIARY HEARING PRIOR TO MODIFYING APPELLEE'S PARENTING TIME SCHEDULE.

### Assignment of Error Number Four

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING APPELLEE STANDARD PARENTING TIME PRIOR TO APPOINTING A GUARDIAN AD LITEM FOR THE CHILD PER APPELLANT'S PENDING REQUESTS FOR SUCH APPOINTMENT.

{¶10} In his second assignment of error, Husband argues that the court erred by not conducting a hearing to determine if the standard parenting order was in the best interest of the child. In his fourth assignment of error, Husband argues that the court erred in granting Wife standard parenting time without ruling on his motion to appoint a GAL. In essence, Husband's second and fourth assignments of error argue that the court erred in failing to hear additional evidence to determine the best interest of the child before entering an order for standard parenting time. We disagree.

{¶11} In our prior decision, we concluded that there was no evidence to justify a continued deviation from the standard order and held that the trial court erred in denying Wife's motion to reinstate the standard order. *Szymczak*, 2012-Ohio-540, at ¶ 25. We remanded for further proceedings consistent with our opinion. *Id.* at ¶ 26. Nothing in our previous decision

required the trial court to hear additional evidence, nor did we did limit the scope of the remand to prohibit the trial court from doing so.

{¶12} "When a judgment is reversed and remanded for further proceedings, the trial court may take up the matter at the point where the first error was committed." *In re C.P.*, 187 Ohio App.3d 246, 2010-Ohio-346, ¶ 19 (10th Dist.). "The effect of a reversal and an order of remand is to reinstate the case to the docket of the trial court in precisely the same condition that obtained before the error occurred." *In re G.N.*, 176 Ohio App.3d 236, 2008-Ohio-1796, ¶ 11 (12th Dist.), quoting *Wilson v. Kreusch*, 111 Ohio App.3d 47, 51 (2d Dist.1996).

{¶13} Therefore, on remand, the case was reinstated at the point at which both parties had rested after presenting their evidence on Wife's motion to modify parenting time. A decision to hear additional evidence after the parties have rested is within the discretion of the trial court. *Mills v. Mills*, 11th Dist. Trumbull No. 2002-T-0102, 2003-Ohio-6676, ¶ 48. An abuse of discretion indicates that a trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶14} In September 2009, Wife filed her motion to modify her parenting time. A trial was held in August 2010, and, on September 7, 2010, the court denied Wife's motion. Wife appealed, and, on February 13, 2012, this Court reversed and remanded. Subsequently, Husband filed several motions in this Court which prevented the trial court from regaining jurisdiction for several more months. Ultimately, the trial court entered a standard parenting time order on October 9, 2012, more than three years after Wife filed her motion.

{¶15} At a status conference on remand, Husband requested that the court "set [the matter] for a full hearing, reappoint the Guardian, [and] give the Guardian a reasonable amount of time to do an investigation" before determining the best interest of the child. Husband

acknowledged that if the court were to enter an order granting the standard parenting time, he would be entitled to file a motion to modify, which would provide him the opportunity to re-litigate the best interest of the child.

{¶16} We acknowledge that "a child's best interest is such a 'dynamic factual issue,' [that] events [that] occur after a court's initial decision may be important in assessing what is in a child's best interest following remand." *In re C.P.*, 187 Ohio App.3d 246, 2010-Ohio-346, at ¶ 23, quoting *In re D.J.*, 2d Dist. Montgomery No. 21666, 2006-Ohio-6304, ¶ 20. However, Husband's argument for a full hearing was not that some circumstance had changed, but that our decision "dramatically changed the law in this jurisdiction" and unexpectedly shifted the burden of proof from Wife to him. We disagree that *Szymczak v. Tanner*, 9th Dist. Medina No. 10CA0101-M, 2012-Ohio-540, was a change in the law.

{¶17} In light of the lengthy period of time that Wife's motion was pending and the fact that both parties had a full and fair opportunity to present evidence and to be heard on the matter, we cannot conclude that the trial court abused its discretion in refusing to hear additional evidence before entering an order consistent with this Court's remand. Husband's second and fourth assignments of error are overruled.

III

{¶18} Husband's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

BETH WHITMORE
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

JAMES L. LANE, Attorney at Law, for Appellant.

DAVID H. FERGUSON, Attorney at Law, for Appellee.