[Cite as *Peterson v. Marquis*, 2018-Ohio-509.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| DAMIEN L. PETERSON | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Petitioner | : | Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 16-CA-47 |
| DAVID MARQUIS, WARDEN | : |  |
|  | : |  |
| Respondent | : | OPINION |

CHARACTER OF PROCEEDING:          Writ of Habeas Corpus

JUDGMENT:          Denied

DATE OF JUDGMENT ENTRY:          February 7, 2018

APPEARANCES:

For Petitioner                               For Respondent

DAMIEN L. PETERSON #503-884          WILLIAM H. LAMB
Richland Correctional Institute          Assistant Attorney General
1001 Olivesburg Road                      441 Vine Street
Mansfield, OH 44901                        1600 Carew Tower
                                                     Cincinnati, OH 45202

*Gwin, P.J.*

{¶1}   Petitioner, Damien Peterson, has filed a Petition for Writ of Habeas Corpus arguing he should be immediately released from prison.  Respondent has filed a motion to dismiss for failure to state a claim upon which relief may be granted.

{¶2}   Petitioner was convicted of aggravated robbery, felonious assault, weapons under disability, firearm specifications, and repeat violent offender specifications.  He was sentenced to 12 years in prison.

{¶3}   Petitioner applied for and was granted judicial release.  The State filed a notice of appeal of the trial court's entry granting judicial release.  While the appeal was pending, Petitioner was charged with violating the terms of his judicial release.  On March 26, 2015, the Eighth District Court of Appeals found the trial court did not make necessary statutory findings before granting judicial release and reversed the trial court. On May 6, 2015, the trial court, revoked Petitioner's judicial release and returned Petitioner to prison. Apparently, the trial court, was unaware of the appellate court's ruling.

{¶4}   Petitioner complains that he is imprisoned pursuant to a violation of the terms of his judicial release. He argues because the judicial release was found to have been improperly granted, he cannot be found to have violated judicial release.

{¶5}   Petitioner is not being held on revocation of judicial release.  Once the court of appeals reversed the trial court's entry granting judicial release, Petitioner's original sentence was all that remained.  The trial court's entry finding the terms of judicial release had been violated and sentencing Petitioner is moot.  Therefore, Petitioner is being held on his original sentence.

**{¶6}** "A writ of habeas corpus can only be granted if the petitioner can establish one of two circumstances, i.e., (1) that the sentencing court in his underlying criminal proceeding lacked jurisdiction to convict him, or (2) that he is still being held in prison, although he has already served his entire sentence. *State ex rel. Vinson v. Gansheimer*, 11th Dist. Ashtabula No. 2007–A–0042, 2007–Ohio–5205, ¶ 6

**{¶7}** 'Like other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law.' *In re Complaint for Writ of Habeas Corpus for Goeller*, 103 Ohio St.3d 427, 2004–Ohio–5579, ¶ 6." *State ex rel. Menton v. Sloan*, 11th Dist. Ashtabula No. 2017-A-0021, 2017-Ohio-7661, ¶ 7.

**{¶8}** "[H]abeas corpus relief generally is appropriate only when 'the petitioner's maximum sentence has expired and he is being held unlawfully.' *Heddleston v. Mack,* 84 Ohio St.3d 213, 214, 702 N.E.2d 1198 (1998)." *State ex rel. Marsh v. Tibbals*, 149 Ohio St.3d 656, 2017-Ohio-829, 77 N.E.3d 909, ¶ 12.

**{¶9}** Petitioner argues the appellate court's reversal put him back in the position he was prior to the entry granting judicial release. Petitioner relies on the following: "The effect of reversing a case is to reinstate the case back in precisely the same condition it was in before the alleged violation was said to have occurred. *In re G.N.,* 12th Dist. No. CA2007-12-119, 2008-Ohio-1796, ¶ 11, 176 Ohio App.3d 236, 891 N.E.2d 816, citing *Wilson v. Kreusch* (1996), 111 Ohio App.3d 47, 51, 675 N.E.2d 571." *State v. Schafer*, 3rd Dist. Defiance No. 4-08-07, 2008-Ohio-6183, ¶ 18.

**{¶10}** Petitioner was sentenced to 12 years in prison. He was released for a portion of time on judicial release and was not incarcerated. Petitioner argues the time spent out of prison counted toward his sentence even though he was not in prison.

Petitioner was sentenced to 12 years in prison and has not served 12 years in prison. Petitioner does not receive prison credit for time not spent in prison.

{¶11}  Further, Petitioner has or had an adequate remedy at law by way of appeal to challenge the judgment entry finding a violation of judicial release.

{¶12}  Petitioner's sentence has not yet expired, and Petitioner has or had an adequate remedy at law, therefore, habeas corpus does not lie.  The petition for a writ of habeas corpus is denied.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur