[Cite as *State v. Vercillo*, 2022-Ohio-4411.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO, EX. REL., L.A. | JUDGES: Hon. William B. Hoffman, P.J. Hon. John W. Wise, J. Hon. Craig R. Baldwin, J. |
| Relator | |
| -vs- | |
| | Case No. 22-COA-032 |
| THE HONORABLE JUDGE DAMIAN J. VERCILLO and THE ASHLAND COUNTY JUVENILE & PROBATE COURT | |
| Respondents | O P I N I O N |


CHARACTER OF PROCEEDINGS:          Writ of Prohibition


JUDGMENT:          Dismissed

DATE OF JUDGMENT ENTRY:          December 8, 2022


APPEARANCES:


For Relator                                              For Respondent

WESLEY C. BUCHANAN                         FRANKIE H. SCIALDONE
THOMAS L. ERB, JR.                             Mazanec, Raskin & Ryder Co., L.P.A.
ANNA K. LEY                                        100 Franklin's Row
50 South Main Street, Suite #625            34305 Solon Road
Akron, Ohio 44308                                Cleveland, Ohio 44139

*Hoffman, P.J.*

**{¶1}**　On October 4, 2022, Relator L.A. filed a Verified Complaint for Writ of Prohibition against Respondents the Honorable Judge Damian J. Vercillo and the Ashland County Juvenile & Probate Court.[1]

INTRODUCTION

*Facts*

**{¶2}**　L.A. is the defendant in the case captioned *J.N. v. L.A.*, Ashland County Juvenile Case No. 2020-4016. Complaint, ¶ 3. Judge Vercillo is a visiting judge assigned to the Ashland County Juvenile Court by the Ohio Supreme Court. *Id.*, ¶ 4. On February 21, 2020, J.N. (father) filed a complaint to determine parentage rights with the Ashland County Juvenile Court. *Id.*, ¶ 6. L.A. is the biological mother of the child at issue. *Id.*, ¶ 8.

**{¶3}**　On October 2, 2020, the Ashland County Juvenile Court conducted a hearing at which the parties indicated they had reached an agreement. *Id.*, ¶ 9. Father's counsel represented to the trial court that he would prepare the journal entry to file with the court. *Id.*, ¶ 10. The juvenile court gave the parties 15 days to file the journal entry recognizing the settlement. *Id.*, ¶ 11.

**{¶4}**　On December 3, 2020, Judge Vercillo dismissed father's complaint for failure to file the journal entry. *Id.*, ¶ 12. After December 3, 2020, L.A. moved to Florida with the minor child at issue. *Id.*, ¶ 14. On March 5, 2021, father filed a motion for relief

---

[1] We dismiss Respondent Ashland County Juvenile & Probate Court because it is not sui juris. " 'A court is defined to be a place in which justice is judicially administered. It is the exercise of judicial power, by the proper office or officers, at a time and place appointed by law.' *Todd v. United States* (1895), 158 U.S. 278, 284, 15 S.Ct. 889, 891, 39 L.Ed. 982. Absent express statutory authority, a court can neither sue nor be sued in its own right." *State ex rel. Cleveland Mun. Court v. Cleveland City Council*, 34 Ohio St.2d 120, 122, 296 N.E.2d 544 (1973).

from judgment of the juvenile court's December 3, 2020 order. *Id.*, ¶ 15. Father requested relief under Civ.R. 60(B)(5). *Id.*

{¶5} On May 25, 2021, Judge Vercillo conducted a hearing. *Id.*, ¶ 17. On June 28, 2021, the juvenile court issued a journal entry granting father's motion for relief from judgment. *Id.*, ¶ 18. L.A. appealed the juvenile court's ruling to this Court. *Id.*, ¶ 19. On March 24, 2022, we reversed and remanded the juvenile court's decision finding:

> [T]he trial court abused its discretion when it determined that Father was entitled to relief from judgment without full consideration of the *GTE Automatic* factors. As Father did not file an appellee's brief, we accept the Mother's statement of the facts and issues as correct and reverse the judgment because Mother's brief reasonably appears to sustain such action. App.R. 18(C).
>
> * * *
>
> The judgment of the Ashland County Court of Common Pleas, Juvenile Division is reversed, and the matter remanded for further proceedings consistent with this Opinion and law.

{¶6} *J.N. v. L.A.*, 5th Dist. Ashland No. 21-COA-014, 2022-Ohio-974, ¶ 36, 37.

{¶7} Shortly following this Court's decision, on April 26, 2022, L.A. filed a parentage action in the 18th Judicial Circuit for Seminole County, Florida. *Id.*, ¶ 26. The Florida action is allegedly ongoing. *Id.*, ¶ 28.

**{¶8}** On July 19, 2022, Judge Vercillo issued a journal entry stating if either party wanted a hearing under the *GTE Automatic* factors, the party should notify the juvenile court within 30 days. *Id.*, ¶ 22. On August 2, 2022, father requested a hearing. *Id.*, ¶ 23. On August 15, 2022, Judge Vercillo issued a notice of hearing. *Id.*, ¶ 24. L.A. responded to father's request to a hearing on August 23, 2022. *Id.*, ¶ 25.

**{¶9}** L.A. thereafter commenced this original action to prohibit the reconsideration of father's motion to vacate the dismissal of his original complaint for parentage. In response to the writ, Judge Vercillo filed a Motion to Dismiss on November 8, 2022. L.A. filed a Memorandum in Opposition to Respondent's Motion to Dismiss on November 21, 2022. On November 30, 2022, Judge Vercillo filed a reply in support of his motion. This matter is now ripe for review.

## ANALYSIS

**{¶10}** In the present action, L.A. asks this Court to issue a writ of prohibition preventing Judge Vercillo from exercising jurisdiction in *J.N. v. L.A.*, Ashland Case No. 2020-4016 due to the pending parentage action in Florida.

*Required elements for a writ of prohibition*

**{¶11}** To be entitled to a writ of prohibition, L.A. must establish: (1) Respondent is about to exercise judicial power, (2) the exercise of power is unauthorized by law, and (3) denying the writ would result in injury for which no adequate remedy exists in the ordinary course of law. (Citation omitted.) *State ex rel. Duke Energy Ohio, Inc. v. Hamilton Cty. Court of Common Pleas*, 126 Ohio St.3d 41, 2010-Ohio-2450, 930 N.E.2d 299, ¶ 16. "If a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition * * * will issue to prevent any future unauthorized exercise of jurisdiction and

to correct the results of prior jurisdictionally unauthorized actions." *Id.* at ¶ 17, quoting *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12, citing *State ex rel. Dannaher v. Crawford*, 78 Ohio St.3d 391, 393, 678 N.E.2d 549 (1997).

**{¶12}** "Where jurisdiction is patently and unambiguously lacking, [a relator] need not establish the lack of an adequate remedy at law because the availability of alternate remedies like appeal would be immaterial." *Id.*, quoting *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15, citing *State ex rel. Columbus S. Power Co. v. Fais*, 117 Ohio St.3d 340, 2008-Ohio-849, 884 N.E.2d 1, ¶ 16.

*Judge Vercillo is about to exercise judicial power.*

**{¶13}** With regard to the required elements for a wit of prohibition to issue, there is no dispute Judge Vercillo is about to exercise judicial power by reviewing J.N.'s motion for relief from judgment on remand from this Court. This element required for the issuance of a writ of prohibition is satisfied.

*Judge Vercillo's exercise of judicial power is authorized by law.*

**{¶14}** Next, we must determine whether the juvenile court patently and unambiguously lacks jurisdiction to proceed in reviewing J.N.'s motion for relief from judgment. L.A. contends, "this Court reversed the Juvenile Court by explicitly delineated all of the *GTE Automatic* factors and found for L.A.. * * * Thus, there is nothing for the Juvenile Court to do, but to keep the case dismissed." Complaint, ¶ 35. In support of this conclusion, L.A. cites *Stafford v. Hetman*, 8th Dist. Cuyahoga No. 72825, 1998 WL 289383, *1 (Jun. 4, 1998), where the court of appeals explained the dismissal of an action

without prejudice relieves the court of all jurisdiction over the matter and the action is treated as though it was never commenced. Thus, L.A. concludes Judge Vercillo's order dismissing the case divested the juvenile court of jurisdiction to proceed. *Id.*, ¶ 37.

**{¶15}** L.A. further maintains Judge Vercillo lacks jurisdiction under Ohio's Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). According to L.A., she and the minor child have lived in Florida since December 2020, L.A. allegedly initiated a parentage action in Florida and Florida is allegedly the "home state" of the child under the UCCJEA. *Id.*, ¶ 26, 39, 42.

**{¶16}** We disagree with L.A.'s arguments and conclude Judge Vercillo does not patently and unambiguously lack jurisdiction to address J.N.'s motion for relief from judgment. First, L.A.'s statement that there is nothing for the juvenile court to do following our reversal except to keep the case dismissed ignores the fact that the case was reversed and remanded "for further proceedings consistent with this Opinion and law." *J.N. v. L.A.*, 2022-Ohio-974, at ¶ 38. L.A. disregards the "reversed and remanded" mandate from this Court and instead claims this Court did the fact finding for Judge Vercillo, concluded none of the *GTE Automatic* factors were met and therefore, it is unreasonable for Judge Vercillo to hold a hearing on J.N.'s motion to vacate judgment. (Relator's Response to Motion to Dismiss, p. 5) L.A. is incorrect on this point. The Court did not address the *GTE Automatic* factors on appeal, but instead remanded the case to Judge Vercillo to do so.

**{¶17}** Case law is clear that "[w]hen a judgment is reversed and remanded for further proceedings, the trial court may take up the matter at the point where the first error was committed." *In re C.P.*, 187 Ohio App.3d 246, 2010-Ohio-346, 931 N.E.2d 1105, ¶19

(10th Dist.), citing *In re G.N.*, 176 Ohio App.3d 236, 2008-Ohio-1796, 891 N.E.2d 816 ¶ 11. "In other words, the action is reinstated in the trial court in precisely the same condition it was in before the action that resulted in the appeal and reversal." *Id.*, citing *In re Walker*, 162 Ohio App.3d 303, 2005-Ohio-3773, 833 N.E.2d 362, ¶ 13 (11th Dist.), quoting *Armstrong v. Marathon Oil Co.*, 32 Ohio St.3d 397, 418, 513 N.E.2d 776 (1987).

{¶18} In this case, we reversed and remanded this matter to the juvenile court because Judge Vercillo failed to consider all of the *GTE Automatic* factors when he granted J.N.'s motion to vacate judgment. The effect of our remand was to place the parties in the position of being back before the juvenile court without Judge Vercillo having issued a ruling on J.N.'s motion to vacate judgment. This is the exact condition the case was in before Judge Vercillo abused his discretion by failing to apply all of the *GTE Automatic* factors prior to vacating his previous dismissal of the case.

{¶19} Further, L.A.'s argument that the juvenile court lacks jurisdiction to act under the UCCJEA overlooks the fact that Judge Vercillo is not addressing the merits of the previously dismissed parentage action on remand – he is only addressing J.N.'s motion for relief from judgment. The issue of whether Judge Vercillo has jurisdiction to act under the UCCJEA is not currently before the juvenile court. In fact, the parentage action, concerns about the UCCJEA and whether Florida is the minor child's "home state" only become ripe for consideration if the juvenile court grants J.N.'s motion to vacate judgment. It is only at that point that parentage actions would be pending in both Ohio and Florida.

{¶20} For these reasons, we conclude Judge Vercillo does not patently and unambiguously lack jurisdiction to address J.N.'s motion to vacate judgment.

*L.A. has an adequate remedy at law*

**{¶21}** Having determined Judge Vercillo does not patently and unambiguously lack jurisdiction to reconsider father's motion to vacate, it is unnecessary to analyze whether L.A. has an adequate remedy at law.

**{¶22}** However, we note under L.A.'s Exhibit F (UCCJEA summary) attached to the Original Action for Writ of Prohibition, this document specifically indicates:

> Before hearing a custody proceeding, an Ohio court must determine whether a child custody proceeding is pending in another state.
>
> If another state, with similar jurisdiction as Ohio, has a pending child custody proceeding, then the Ohio court shall:
>
> ▪ Stay its proceeding and communicate with the court of the other state.
>
> ▪ If the courts do not determine that Ohio is a more appropriate forum, then the Ohio proceeding shall be dismissed.

**{¶23}** Thus, even if Judge Vercillo grants J.N.'s motion to vacate judgment and reinstates the parentage action, he will be required to determine whether the parentage action remains pending in Florida. If so, Judge Vercillo will need to take the actions outlined under the UCCJEA before proceeding with the reinstated parentage action.

**{¶24}** Therefore, L.A. has an adequate remedy at law available to her if Judge Vercillo proceeds with addressing J.N.'s motion to vacate judgment and subsequently vacates the judgment.

**{¶25}** For the foregoing reasons, we grant Respondents' Motion to Dismiss. The Clerk of Courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

**{¶26}** MOTION GRANTED.

**{¶27}** CAUSE DISMISSED.

**{¶28}** COSTS TO RELATOR.

**{¶29}** IT IS SO ORDERED.

By: Hoffman, P.J.

Wise, John, J. and

Baldwin, J. concur

_____

HON. WILLIAM B. HOFFMAN

_____

HON. JOHN W. WISE

_____

HON. CRAIG R. BALDWIN