[Cite as *In re D.W.*, 2015-Ohio-3205.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In the Matter of: | : | |
| D.W., A Minor, | : | No. 15AP-78 |
| [P.W., | : | (C.P.C. No. 11JU-10293) |
| Appellant]. | : | (ACCELERATED CALENDAR) |
| In the Matter of: | : | |
| D.W., A Minor, | : | No. 15AP-82 |
| [P.W., | : | (C.P.C. No. 11JU-10291) |
| Appellant]. | : | (ACCELERATED CALENDAR) |
| In the Matter of: | : | |
| D.W., A Minor, | : | No. 15AP-83 |
| [P.W., | : | (C.P.C. No. 11JU-10293) |
| Appellant]. | : | (ACCELERATED CALENDAR) |
| In the Matter of: | : | |
| D.W., A Minor, | : | No. 15AP-85 |
| [P.W., | : | (C.P.C. No. 11JU-10291) |
| Appellant]. | : | (ACCELERATED CALENDAR) |

D E C I S I O N

Rendered on August 11, 2015

*Robert J. McClaren*, for appellee Franklin County Children Services.

*Aker Law, LLC*, and *Paul Aker*, for appellant.

APPEALS from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch.

KLATT, J.

{¶ 1} Appellant, P.W., the mother of Do.W. and De.W., appeals from judgments of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, awarding permanent custody of those children to appellee, Franklin County Children Services ("FCCS"). For the following reasons, we affirm those judgments.

## I. Factual and Procedural Background

{¶ 2} In 2011, FCCS filed complaints in the trial court alleging that both Do.W. and De.W. were abused, neglected, and dependent children pursuant to R.C. 2151.031 and 2151.04. Among other things, the complaints alleged acts of physical abuse by mother against Do.W., for which mother was arrested and incarcerated. The children were taken to FCCS, which requested custody of the children for their health, safety, and welfare. A magistrate awarded temporary custody of each child to FCCS. The trial court approved and adopted the magistrate's adjudications.

{¶ 3} The trial court subsequently adjudicated De.W. a dependent child and placed him under court-ordered protective supervision. The court adjudicated Do.W. an abused child and kept him in the temporary custody of FCCS while these cases proceeded. A case plan was prepared and approved for the reunification of the family.[1]

{¶ 4} On December 4, 2012, however, FCCS filed a motion for permanent custody of both children, claiming that such an award was in the best interest of both children. The agency also alleged that mother failed to make significant progress in her case plan for reunification. Before the hearing on the motion, mother requested the trial court to interview the children to determine their placement wishes. By the time of trial, the children were almost 13 years old. The trial court did interview the children and indicated that both of them understood the proceedings and wanted to be adopted by their foster parents.

{¶ 5} After a multi-day hearing, the trial court found by clear and convincing evidence that an award of permanent custody to FCCS was in the best interests of the

---

[1] The children's putative father was not involved in this case or with the children.

children.  Accordingly, the trial court divested mother of her parental rights, privileges, and obligations and awarded permanent custody of the children to FCCS.

## II.  Mother's Appeal

{¶ 6}   Mother appeals and assigns the following error:

> The trial court abused its discretion by admitting prejudicial hearsay testimony and then relying on that hearsay testimony in its decision.

{¶ 7}   At the outset, we recognize that parents have a constitutionally-protected fundamental interest in the care, custody, and management of their children.  *Santosky v. Kramer*, 455 U.S. 745 (1982); *Troxel v. Granville*, 530 U.S. 57, 66  (2000).  The Supreme Court of Ohio has recognized the essential and basic rights of a parent to raise his or her child.  *In re Hayes*, 79 Ohio St.3d 46, 48 (1997), citing *In re Murray*, 52 Ohio St.3d 155, 157 (1990).  These rights, however, are not absolute.  *In re Awkal*, 95 Ohio App.3d 309, 315 (8th Dist.1994).  A parent's natural rights are always subject to the ultimate welfare of the child.  *In re Cunningham*, 59 Ohio St.2d 100, 106 (1979).  Thus, in certain circumstances, the state may terminate the parental rights of natural parents when it is in the best interest of the child.  *In re C.P.*, 187 Ohio App.3d 246, 2010-Ohio-346, ¶ 11 (10th Dist.).  The permanent termination of parental rights has been described as " 'the family law equivalent of the death penalty in a criminal case.' " *Hayes* at 48, quoting *In re Smith*, 77 Ohio App.3d 1, 16 (6th Dist.1991).  Therefore, parents "must be afforded every procedural and substantive protection the law allows."  *Id.*; *In re C.P.*

{¶ 8}   A decision to award permanent custody requires the trial court to take a two-step approach. First, a trial court must find whether any of the following apply:

> (a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period if, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

> (b)  The child is abandoned.
>
> (c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
>
> (d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state.R.C. 2151.414(B)(1).

R.C. 2151.515(B)(1).

{¶ 9}   Once the trial court finds that one of these circumstances apply, the trial court then must determine whether a grant of permanent custody is in the best interest of the child. R.C. 2151.414(B)(1).  FCCS must prove by clear and convincing evidence that an award of permanent custody is in the child's best interest. *Id.* In determining the best interest of a child, a trial court is required to consider all relevant factors including, but not limited to, the following:

> (a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
>
> (b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
>
> (c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state;

> (d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

R.C. 2151.414(D)(1).

## A. Did the Trial Court Admit Hearsay Testimony?

{¶ 10} Mother does not dispute that the trial court complied with these steps before it awarded permanent custody to FCCS. She also does not dispute the trial court's best interest determination. Rather, mother argues that the trial court erred in admitting hearsay testimony. We disagree.

{¶ 11} Generally, the decision to admit or exclude relevant evidence rests within the sound discretion of the trial court. *State v. Angus*, 10th Dist. No. 05AP-1054, 2006-Ohio-4455, ¶ 16, citing *State v. Sage*, 31 Ohio St.3d 173 (1987), paragraph two of the syllabus. Absent a clear showing that the court abused its discretion in a manner that materially prejudices a party, a reviewing court will not disturb a ruling on the admission of evidence. *State v. Phelps*, 10th Dist. No. 14AP-4, 2015-Ohio-539, ¶ 27; *State v. Issa*, 93 Ohio St.3d 49, 64 (2001). Although an abuse of discretion is typically defined as an unreasonable, arbitrary, or unconscionable decision, no court has the authority, within its discretion, to commit an error of law. *State v. Akbari*, 10th Dist. No. 13AP-319, 2013-Ohio-5709, ¶ 7, citing *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶ 70.

{¶ 12} Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Evid.R. 801(C). Hearsay is generally not admissible unless it falls within one of the exceptions to the rule against hearsay. *State v. Clay*, 187 Ohio App.3d 633, 2010-Ohio-2720, ¶ 27 (5th Dist.), citing Evid.R. 802, 803-04. If a statement is not offered for the truth of the matter asserted, however, it is not prohibited by the hearsay rule and will be admissible, subject to the standards governing relevancy and undue prejudice. *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, ¶ 129, citing Evid.R. 402 and 403.

{¶ 13} Mother specifically complains about testimony from Celeste Manns-Brammer, the children's guardian ad litem ("GAL"). Manns-Brammer testified that she discussed the matter with the children and felt like they understood the proceedings and the concept of permanent custody. She testified that the children had been consistent in

their wishes that they did not want to visit with or return to their mother.  (Tr. 186.)  She testified that the children were very detailed about the reasons why they did not want to go back.  They felt that they were not safe with their mother.  Manns-Brammer then testified that the children specifically told her that their mother stepped on Do.W.'s head and that she would hit and yell at them.  They also told her that she was mean to them and was not attentive to them.  They were scarred by what had occurred in their house.  (Tr. 186-87.)  Over objections, the trial court admitted this testimony.

{¶ 14} The children's placement wishes are a factor trial courts must consider in making its best interest determination.  R.C. 2151.414(D)(1)(b).  The GAL's testimony described the childrens' wishes concerning their placement and their reasons for having those wishes.  This court has previously determined that statements regarding children's fears and wishes about placement are admissible as statements of then existing state of mind pursuant to Evid.R. 803(3).[2]  *In re Brooks*, 10th Dist. No. 04AP-164, 2004-Ohio-3887, ¶ 48; *In re Jenkins*, 10th Dist. No. 00AP-1411 (June 28, 2001).  Thus, the GAL's testimony was not inadmissible hearsay, in so far as her testimony described the children's wishes.

{¶ 15} Manns-Brammer's testimony describing the reasons for the children's wishes, however, is not admissible under Evid.R. 803(3).  *See State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, ¶ 101, citing *State v. Apanovitch*, 33 Ohio St.3d 19, 21 (1987) ("the state-of-mind exception does not permit witnesses to relate why the declarant held a particular state of mind").  Even if the trial court erred in admitting that testimony, we reject mother's claims of prejudice resulting from the admission of the testimony and conclude that any error was harmless.  *Leonard* at ¶ 102.

{¶ 16} In overruling mother's objection to the testimony, the trial court noted that "there's very little in here that she said that they [the children] didn't tell me directly this morning."  (Tr. 188.)  Additionally, the allegation that mother stepped on Do.W's head was already in the complaint.  Moreover, the agency's caseworker testified, without objection, to the same fact.  (Tr. 89.)  Although the trial court obviously considered the childrens' wishes in its decision (as statutorily required), it is not clear that the trial court

---

[2] Evid.R. 803(3) excludes from the hearsay rule "[a] statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will."

relied on the expressed reasons for their wishes.  The only mention of those reasons is in the court's factual background of the case, a vague reference to the trauma the children suffered from "verbal and physical abuse to them."  The court also noted that the GAL testified that the children were "detailed in their reasons" for wanting to be adopted.  We conclude that any error in admitting this testimony was harmless.

{¶ 17} Therefore, we overrule mother's assignment of error.

## III. Conclusion

{¶ 18} Having overruled mother's lone assignment of error, we affirm the judgments of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgments affirmed.*

BRUNNER and HORTON, JJ., concur.